Chad D. Greeson, Bar No. 251928
cgreeson@littler.com
Nicholas Gioiello, Bar No. 318418
ngioiello@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, California 94597
Telephone:    925.932.2468
Fax No.:      925.946.9809

Attorneys for Defendants
THYSSENKRUPP SUPPLY CHAIN SERVICES NA,
INC. and THYSSENKRUPP MATERIALS NA, INC.

*(Additional Counsel Listed on Following Page)*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS WHITE, on behalf of himself and all similarly aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>CORTECH WEST STAFFING, LLC, THYSSENKRUPP MATERIALS NA, INC., THYSSENKRUPP SUPPLY CHAIN SERVICES NA, Inc., TESLA, INC. dba TESLA MOTORS, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. _____<br><br>**JOINT NOTICE OF REMOVAL OF DEFENDANTS**<br><br>[28 U.S.C. §§ 1332, 1441, 1446]<br><br><br>Complaint Filed: October 24, 2022<br><br>(San Joaquin County Superior Court Case No. STK-CV-UOE-2022-0009807) |

LITTLER MENDELSON,
P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFS' JOINT NOTICE OF REMOVAL

1  BRIAN D. BERRY (SBN 252467)
   Morgan Lewis & Bockius LLP.
2  One Market
   Spear Street Tower
3  San Francisco, CA 94105
   Tel: (415) 442-1176 / brian.berry@morganlewis.com
4
   Attorney for Defendant
5  TESLA, INC.

6  TINA M. JACQUEZ
   SOLTMAN, LEVITT, FLAHERTY & WATTLES LLP
7  90 E. Thousand Oaks Blvd., Suite 300
   Thousand Oaks, CA 91360
8  Tel: (805) 49707706 / tjacquez@slfesq.com

9  Attorneys for Defendant
   CORTECH WEST STAFFING, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

2                                    DEFS' JOINT NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, TO PLAINTIFF CURTIS WHITE, AND TO PLAINTIFF'S ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants CorTech West Staffing, LLC ("CorTech"), Thyssenkrupp Materials NA, Inc. ("tk Materials") and Thyssenkrupp Supply Chain Services NA, Inc. ("tk Supply Chain") (together, "Thyssenkrupp"), and Tesla, Inc. dba Tesla Motors, Inc. ("Tesla") (collectively, the "Defendants") hereby jointly remove the state court action described in this notice, filed by Plaintiff Curtis White ("Plaintiff") on October 24, 2022 in the Superior Court of the State of California, County of San Joaquin, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. Defendants make the following allegations in support of their Joint Notice of Removal:

## I.    STATEMENT OF JURISDICTION

1.    This Court has original jurisdiction over this putative class action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). The CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this action meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Joint Notice of Removal.

## II.    VENUE

2.    Plaintiff originally brought this action in the Superior Court of the State of California, County of San Joaquin. Therefore, venue properly lies in the Eastern District of California pursuant to 28 U.S.C. sections 84(c)(2), 1391, 1441, and 1446.

## III.    PLEADINGS, PROCESS, AND ORDERS

3.    On October 24, 2022, Plaintiff filed a Complaint against Defendants and various DOES in San Joaquin County Superior Court, captioned *Curtis White on behalf of himself and all*

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

3                    DEFS' JOINT NOTICE OF REMOVAL

*similarly aggrieved employees [situated current and former employees] v. CORTECHWEST STAFFING, LLC; THYSSENKRUPP MATERIALS NA, INC.; THYSSENKRUPP SUPPLY CHAIN SERVICES NA INC.; TESLA, INC. dba TESLA MOTORS, INC.; and Does 1 through 50, inclusive*, designated Case No. STk-CV-UOE-2002-9807 ("Complaint").[1] *See* Declaration of Chad Greeson in Support of Defendants' Joint Notice of Removal ("Greeson Decl."), ¶ 2.

4.     On November 17, 2022, Defendants were served with the Complaint along with copies of the Summons, Civil Case Cover Sheet, and requisite proofs of service. *See* Greeson Decl., ¶¶ 2-3, Exhibit A.

5.     Thyssenkrupp's Answer to Plaintiff's Complaint was filed on December 19, 2022. On December 16, 2022, CorTech submitted its Answer to Plaintiff's Complaint for filing. On December 15, 2022, Tesla submitted its Answer to Plaintiff's Complaint for filing. *See* Greeson Decl., ¶ 4, Exhibits B-1 to B-3. *See* Exhibits B1-B3.

6.     All documents as reflected and downloaded from the San Joaquin County Superior Court Website, including the Notice of Case Assignment and Scheduling Information, as of December 19, 2022 at attached to the Greeson Declaration as Exhibit C. *See* Greeson Decl. ¶ 5, Exhibit C.

7.     To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in the San Joaquin County Superior Court or served by any party other than as described above. To Defendants' knowledge, no proceedings related hereto have been heard in San Joaquin County Superior Court. Greeson Decl. ¶ 6.

## IV.    TIMELINESS OF REMOVAL

8.     An action may be removed from state court by filing a notice of removal—together with a copy of all process, pleadings, and orders served on defendant—within thirty days of defendant receiving service of the initial pleading. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v.*

---

[1] The Complaint asserts the following causes of action: (1) Failure to Provide Meal Periods or Compensation in Lieu Thereof; (2) Failure to Provide Rest Periods or Compensation in Lieu Thereof; (3) Failure to Pay Hourly and Overtime Wages; (4) Failure to Comply with Itemized Employee Wage Statement Requirements; (5) Failure to Pay All Wages Upon Termination; (6) Violation of Labor Code § 2802; and (7) California Business and Professions Code §§ 17200 et seq. and Common Law. The allegations in the Complaint are incorporated into this Joint Notice of Removal by reference without admitting the truth of any of them.

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

4                              DEFS' JOINT NOTICE OF REMOVAL

*Mitchetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

9.      Removal of this action is timely because this Joint Notice of Removal has been filed within thirty days of November 17, 2022, the date Defendants were served with the Summons and Complaint. *See* 28 U.S.C. § 1446(b); Fed R. Civ. P. Rule 6(1)(c); Greeson Decl., Exhibit A. Because Plaintiff served the Summons and Complaint on Defendants on November 17, 2022, the thirty-day period for removal runs through December 19, 2022, by operation of Federal Rule of Civil Procedure, Rule 6 (extending time to "the next day that is not a Saturday, Sunday, or legal holiday"). As referenced above, this Joint Notice of Removal also contains all process, pleadings, and orders that were served on Defendants and reflected on the San Joaquin Superior Court's website. *See* Exhibits A-C.

## V.     CAFA JURISIDCTION

10.     CAFA grants United States district courts original jurisdiction over: (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least 100 individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (d) where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Joint Notice of Removal.

### A.     Plaintiff Filed A Class Action Under State Law

11.     Plaintiff filed his action as a putative class action based on alleged violations of various California wage and hour laws. Exhibit A.

### B.     The Proposed Class Contains At Least 100 Members

12.     Title 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

13.     Plaintiff seeks to represent a putative class consisting of "all current and former non-exempt employees of Defendants who worked for Defendants in California at the Livermore and

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

5                    DEFS' JOINT NOTICE OF REMOVAL

1   Lathrop production facilities at any time within the four (4) years through the date of the order

2   granting class certification. *See* Greeson Decl., Exhibit A, 8:14-17. The terms "Defendants" is

3   defined by Plaintiff as CorTech West Staffing, LLC, Thyssenkrupp, and Tesla. *See* Greeson Decl.,

4   Exhibit A, 4:17-27.

5         14.     Based on a review of tk Supply Chain's time and payroll records from October 24,

6   2018 to December 16, 2022, Defendant tk Supply Chain has employed approximately 1,039 non-

7   exempt employees at the Livermore and Lathrop production facilities in California. Declaration of

8   Cheryl Dooley in Support of Defendants' Joint Notice of Removal ("Dooley Decl."), ¶ 8.

9         15.     Accordingly, tk Supply Chain's internal records demonstrate that more that there

10   are more than 100 potential putative class members in this matter as alleged.

11       **C.**     **Defendants Are Not Governmental Entities**

12         16.     Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where

13   "primary defendants are States, State officials, or other governmental entities against whom the

14   district court may be foreclosed from ordering relief."

15         17.     Defendants are not states, state officials, or other governmental entities exempt from

16   CAFA. Defendants consist of a limited liability company (CorTech) and three corporations

17   (Thyssenkrupp and Tesla) registered out of state. *See* Greeson Decl., ¶¶ 8-11; Dooley Decl., ¶¶ 2-

18   7.

19       **D.**     **There Is Diversity Between At Least One Alleged Class Member And One**
           **Defendant**

20

21         18.     Under CAFA, complete diversity is not required; 'minimal diversity' suffices."

22   *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

23         19.     CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member

24   of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§

25   1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered

26   for diversity purposes, and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S.

27   332, 340 (1969). Additionally, for removal purposes, diversity must exist both at the time the action

28   was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Trans. Ass'n of*

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

6            DEFS' JOINT NOTICE OF REMOVAL

*Am.*, 300 F.3d 1129, 1130-1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and tk Supply Chain are citizens of different states.

20.    For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain). Furthermore, allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (finding a place of residence provides "'prima facie' case of domicile").

21.    Plaintiff alleges he "is a competent adult who is, and at all times mentioned in this complaint has been, a resident of the County of San Joaquin, California." *See* Greeson Decl., Exhibit A, 2:10-11. Residency is sufficient to establish citizenship of individuals for diversity purposes. *See Albrecht v. Lund,* 845 F.2d 193, 194-95 (9th Cir. 1988) (finding citizenship requirement satisfied where plaintiff's complaint contained allegations consistent with diversity and plaintiff failed to contest the petition for removal); *see also Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary.").

22.    To determine a corporation's principal place of business, courts apply the "nerve center test," which deems the principal place of business to be the state where a corporation's officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). In practice, the principal place of business is "where the corporation maintains its headquarters." *Id.* at 92-93. In other words, a party's principal place of business is where its officers direct, control, and coordinate its activities. *Id.*

23.    Defendant tk Supply Chain was incorporated in the State of Michigan on February

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

7

DEFS' JOINT NOTICE OF REMOVAL

1, 2006, although under a different name. *See* Dooley Decl., ¶ 4. From approximately December 28, 2006 to January 31, 2018, tk Supply Chain's registered corporate name was "Thyssenkrupp Industrial Services NA, Inc." ("tk Industrial Services"). *Id.* In 2018, tk Industrial Services changed its registered corporate name to "Thyssenkrupp Supply Chain Service NA, Inc.", which remains in effect to the present date. *Id.*

24.    Defendant tk Supply Chain is located at 22355 West 11 Mile Road, Southfield, Michigan, 48033. *See* Dooley Decl. ¶ 6, and it's corporate headquarters and principal executive offices are located at this address in Southfield, Michigan. *Id.* Additionally, tk Supply Chain makes the majority of its decisions about corporate policy and administration at this location including, but not limited to, decisions about human resources, operations, payroll, revenue, management, and policies and practices used by tk Supply Chain in the State of California. *Id.*

25.    Additionally, none of the other defendants are citizens of California for purposes of determining whether the minimal diversity jurisdiction of CAFA is met. Greeson Decl., ¶¶ 8-11; Dooley Decl., ¶¶ 5-8. tk Materials is a citizen of Michigan; CorTech is a citizen of Georgia; and Tesla is a citizen of Delaware and/or Texas. *Id.*

26.    The presence of DOE defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

27.    No other party has been named or served as of the date of this removal. Accordingly, the named Plaintiff is a citizen of a state (California) different from Defendant tk Supply Chain (Michigan) as well as the other named defendants. Therefore, sufficient diversity exists for the purposes of CAFA. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**E.    The Amount In Controversy Exceeds $5,000,000[2]**

28.    This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class

---

[2] The alleged damages calculations contained in this removal are for purposes of removal only. Defendants expressly deny that Plaintiff or any member of the putative class is entitled to any relief whatsoever, and Defendants expressly reserve the right to challenge Plaintiff's alleged damages or penalties at issue in this case.

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1    members exceeds $5,000,000. 28 U.S.C. § 1332(d). "The claims of the individual class members

2    shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C.

3    § 1332(d)(6).

4        29.    The amount in controversy is determined from the allegations or prayer of the

5    complaint. *See St. Paul Mercury Idemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

6        30.    The removal statute requires a defendant seeking to remove a case to federal court

7    to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. §

8    1446(a). In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014), the Supreme

9    Court recognized that "as specified in § 1446(a), a defendant's notice of removal need include only

10   a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* Only

11   if the plaintiff contests or the court questions the allegations of the notice of removal is supporting

12   evidence required. *Id.* at 554. "[T]he defendant's amount-in-controversy allegation should be

13   accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes

14   federal court diversity jurisdiction. *Id.* at 553.

15       31.    For purposes of determining whether the amount in controversy has been satisfied,

16   the Court must presume that plaintiff will prevail on his claims. *Kenneth Rothschild Trust v.*

17   *Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor*

18   *Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis

19   presumes that "plaintiff prevails on liability.")). The ultimate inquiry is the amount that is put "in

20   controversy" by the allegations of a plaintiff's complaint, not what a defendant might actually owe.

21   *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v.*

22   *Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court

23   is persuaded the amount in controversy exceeds $5,000,000, defendants "are still free to challenge

24   the actual amount of damages in subsequent proceedings and at trial" because they are only

25   estimating the amount in controversy).

26       32.    For purposes of establishing the amount in controversy at removal, Defendants need

27   not make Plaintiff's case for them, or prove the amount in controversy to a certainty. Rather,

28   Defendants can rely on "reasonable assumptions" and a "chain of reasoning that includes

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

9                                    DEFS' JOINT NOTICE OF REMOVAL

assumptions" based on some reasonable "ground underlying them." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (finding defendant may rely on assumptions in its chain of reasoning, so long as they have "some reasonable ground underlying them.") (quotation and citation omitted).

33.    Although the Complaint does not identify a specific number of alleged damages, Plaintiff, generally, seeks: (1) "one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;" (2) "one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;" (3) "that the Court grant an award to Plaintiff and the Class Members for Defendants willfully failing to pay wages due to Plaintiff and Class Members;" (4) "[f]or all actual, consequential and incidental losses and damages, according to proof or, alternatively, statutory penalties pursuant to California Labor Code § 226(e);" (5) "[f]or statutory wage penalties in favor of Plaintiff and the Class Members that have left Defendants' employment, pursuant to California Labor Code §§ 203 and 210; and (6) "[f]or damages and/or penalties pursuant to statute as set forth in California Labor Code §§ 2800, 2802." *See* Greeson Decl., Exhibit A, Prayer for Relief, ¶¶ 5; 12; 19; 25; 31; 35.

34.    In addition, the Complaint alleges a cause of action for violation of the Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200 *et seq. See* Greeson Decl., Exhibit A, ¶¶ 90-98.

35.    Defendants are permitted to use reasonable assumptions to establish the amount in controversy. *Arias*, 936 F.3d at 925 (finding a removing defendant is permitted "to rely on a chain or reasoning that includes assumptions," and such assumptions are reasonable if founded on the allegations of the complaint).

36.    Defendants deny the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom, including but not limited to, Plaintiff's allegation that the alleged claims are appropriate for class treatment. Defendants reserve all defenses to Plaintiff's claims. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

10                        DEFS' JOINT NOTICE OF REMOVAL

1   the putative class establish, by a preponderance of evidence, that the amount in controversy exceeds

2   the jurisdictional minimum of $5,000,000.

3       37.     Defendants "may make mathematical calculations using reasonable averages of, for

4   example, hourly, monthly, and annual incomes of comparable employees when assessing the

5   amount-in-controversy." *Coleman v. Estes Express Lines, Inc*., 730 F.Supp.2d 1141, 1148-49 (C.D.

6   Cal. 2010).

7       38.     Plaintiff's Complaint was filed on October 24, 2022. Applying a four-year statute

8   of limitations, the statutory period begins on October 24, 2018. Between October 24, 2018, and the

9   date of removal, December 19, 2022, there are approximately 213 weeks. Moreover, based on a

10  review of Thyssenkrupp's records, since October 24, 2018, Thyssenkrupp's non-exempt employees

11  at the Livermore and Lathrop production facilities in California have approximately worked a total

12  of 80,404 work weeks. *See* Dooley Decl., ¶5.[3]

13                      **1.    Meal Period and Rest Breaks**

14      39.     Plaintiff's First and Second Causes of Action allege that: (1) during the relevant

15  time period "Defendants and/or their authorized supervisors . . . fail[ed] to provide Plaintiff and

16  Class Members with a thirty . . . minute uninterrupted duty free meal period within five . . . hours of

17  beginning of their shift . . . [and] failed to compensate Plaintiff and Class Members . . . one (1) hour

18  of wages for any of the missed meal periods not provided by Defendants; and (2) "Defendants

19  regularly and repeatedly required Plaintiff and the Class Members to work four . . . hours and/or

20  major fraction thereof without providing, authorizing or permitting at least one ten . . . minute rest

21  period during which Plaintiff's and the Class Members were relieved of all duties . . . per each four

22  . . . hour period, or a major fraction thereof, worked . . . [and] failed to pay Plaintiff and the Class

23  Members a premium of one hour pay at their regular rate of pay for each rest period not provided."

24  *See* Greeson Decl., Exhibit A, ¶¶ 37-52.

25      40.     California law permits recovery of one additional hour of pay at the employee's

26  regular rate of compensation for each workday a meal period and/or rest break was not provided.

27

28

---

[3] The estimated amount in controversy would increase by including the substantial number of Tesla employees who worked at the Livermore or Lathrop facilities during the putative liability period. But, as explained below, CAFA's $5 million threshold is easily satisfied using Thyssenkrupp's employees alone.

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

11                          DEFS' JOINT NOTICE OF REMOVAL

1    Cal. Lab. Code § 226.7. The statutory period for recovery for a Labor Code section 226.7 claim

2    pursued with a Business & Professions Code claim is four years. *See* Cal. Civ. Proc. Code § 338(a)

3    (setting out a three-year limitations period); Cal. Bus. & Prof. Code § 17208 (explaining the three-

4    year statute of limitations can be extended to four years through the pleading of a companion claim

5    under the UCL).

6         41.     Defendant tk Supply Chain had approximately 1,309 non-exempt employees who

7    worked 80,404 work weeks at the Livermore and Lathrop, California production facilities during

8    the statutory period of October 24, 2018 to present. *See* Dooley Decl., ¶ 8. In the Complaint,

9    Plaintiff alleges meal and rest break violations. *See* Greeson Decl., Exhibit A, ¶¶ 18-19; 37-52.

10    Based on the allegations in the Complaint, Defendants assume one missed meal period and one

11    missed rest break per week for all tk Supply Chain employees that allegedly comprise the putative

12    class. *See Behrazfar v. Unisys Corp.*, 687 F.Supp.2d 999, 1004 (C.D. Cal. 2009) (when a

13    defendant's calculations are "relatively conservative, made in good faith, and based on evidence

14    whenever possible," the court should find that the "[d]efendant has established by a preponderance

15    of the evidence that the amount in controversy exceeds $5,000,000."); *Oda v. Gucci Am., Inc.*, No.

16    2:14-CV-07469, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (finding that a 50% violation rate

17    for meal and rest period violations was reasonable despite allegations that employees only

18    "sometimes" were denied meal or rest periods); *Sadler v. Ensignal, Inc.*, No. 1:17-cv-00312-AWI-

19    SAB, 2017 WL 2333528, at *5 (E.D. Cal. May 26, 2017) (where case removed on diversity

20    grounds, accepting defendant's assumption that violation occurred once per day where plaintiff

21    alleged "that he systematically worked for a period of more than five hours in a workday without

22    being provided a mandatory, duty-free lunch"). The amount in controversy for missed meals and

23    rest breaks can be calculated by multiplying the number of work weeks by 2 hours of premium

24    payments by the California minimum wage in 2018 at a rate of $11.00 per hour. Given the increases

25    in California's minimum wage since 2018 and the fact that many tk Supply Chain employees earned

26    more than the minimum wage, this conservatively places at least $**1,768,888** in controversy for

27    Plaintiff's alleged missed meal and rest break claims (80,404 work weeks x 2 hours of premium

28    payments x $11.00 per hour).

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

12

DEFS' JOINT NOTICE OF REMOVAL

### 2. Failure to Pay Hourly and Overtime Wages

42.     Plaintiff's Third Cause of Action alleges that Defendants "failed to accurately record all hours worked by Plaintiff and the Class Members thereby denying payment of overtime premium wages to Plaintiff and the Class Members for overtime hours worked." *See* Greeson Decl., Exhibit A, ¶¶ 20; 22-23; 53-66. Further, "Defendants knew or had reason to know that Plaintiff and the Class Members were regularly and consistently worked overtime without being paid the appropriate premium overtime wage." *Id.*

43.     California law requires employers to pay employees for all time worked. In addition, California Labor Code section 510 requires that employers pay nonexempt employees one-and-one-half times their regular rate for all hours worked over eight in a day or 40 in a week. Additionally, non-exempt employees must be paid one-and-one-half times their regular rate for the first eight hours worked on the seventh day worked in a single workweek. Employers must also pay double time for all hours worked over 12 in a day, and for all hours worked in excess of eight on the seventh consecutive day of work in a single workweek. Cal. Lab. Code § 510(a).

44.     Defendant tk Supply Chain 1,309 non-exempt employees worked 80,404 work weeks at the Livermore and Lathrop, California locations during the relevant period. The overtime rate of 1.5 multiplied by the minimum wage equals $16.50. That amount times the number of work weeks at issue places an amount in controversy of **$1,326,666** (80,404 workweeks x 1 hour per week x $16.50 per hour), based on the same conservative estimates regarding the hourly pay rate (i.e., many tk Supply Chain employees earned more than the minimum wage). *See Torrez v. Freedom Mortg. Corp.*, No. EDCV 17- 867 JGB (KKx), 2017 WL 2713400, *3 (C.D. Cal. Jun. 22, 2017) (finding assumption rate of three hours of overtime per week was reasonable where complaint allegations where defendant's assumptions were based on the allegations in the complaint that defendant "engaged in a pattern and practice" of wage abuse); *Stanley v. Distribution Alts., Inc.,* No. EDCV 17-2173 AG (KKx), 2017 WL 6209822, at *2- 3 (C.D. Cal. Dec. 6, 2017) (finding that pleading "pattern and practice" supports assumption of two hours of overtime per week); *Herrera v. Carmax Auto Superstores California, LLC,* EDCV-14-776-MWF (VBKx), 2014 WL 12586254, at *6 (C.D. Cal. Jun. 12, 2014) ("Defendant cannot be expected to produce evidence

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

13                                    DEFS' JOINT NOTICE OF REMOVAL

1    of how often overtime violations may occur. Defendant must be entitled to monetize this claim with

2    a reasonable and conservative estimate."). Thus, these claims meet the amount in controversy.

### 3.    Wage Statements

4    45.    Plaintiff's Fourth Cause of Action alleges "Defendants . . . regularly and

5    consistently, intentionally and willfully, failed to provide Plaintiff and the Class Members with

6    Complete and accurate wage statements." *See* Greeson Decl., Exhibit A, ¶¶ 21; 67-79. Further,

7    "Defendants continually failed to keep accurate wage and information with regard to Plaintiff and

8    the Class Members." *Id*. Lastly, "Defendants repeatedly provided Plaintiff and the Class Members

9    with wage statements that, among other inaccuracies, failed to include complete and accurate

10    information on the following: (1) gross wages earned; (2) total hours worked; (3) all deductions

11    from wages; (4) net wages earned; (5) all applicable hourly rates in effect during the pay period

12    and the corresponding number of hours worked at each hourly rate; and (6) reimbursement for

13    work-related expenses." *Id.*

14    46.    Labor Code section 266(e) provides for a statutory penalty for violations of Labor

15    Code section 226(a)'s wage statement requirements of $50 or actual damages per employee for the

16    initial pay period in which a subsequent violation occurs, and $100 per employee for each violation

17    in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee. Cal. Lab.

18    Code § 226(a). The statutory period for Labor Code section 226(e) penalties is one year. Cal. Code

19    Civ. Proc. § 340.

20    47.    Defendants deny the validity and merit of Plaintiff's wage statement claim. For

21    purposes of removal only, there are approximately 337 employees who worked more than 40 weeks

22    from October 24, 2021 to present. *See* Dooley Decl, ¶ 8. These employees would be entitled to the

23    statutory limit of $4,000, which provides an amount in controversy of **$1,396,000** (349 employees

24    with 40 or more work weeks in relevant period x $4,000).

### 4.    Waiting Time Penalties

26    48.    Plaintiff's Fifth Cause of Action alleges that "Defendants willfully failed to pay

27    Plaintiff and the Class Member all their wage due . . . upon the termination of their employment

28    within the time prescribed by Labor Code §§ 201 and 202 and therefore are subject to waiting time

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

14                    DEFS' JOINT NOTICE OF REMOVAL

penalties." *See* Greeson Decl., Exhibit A, ¶¶ 23; 80-85.

49.    Labor Code section 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days. The statute of limitations on a claim for waiting time penalties is three years. *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1395 (2010) ("[N]o one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages.").

50.    There are 617 non-exempt employees who worked at the Lathrop and Livermore, California locations who separated from employment with tk Supply Chain during the relevant three-year statutory period from October 24, 2019 to present. *See* Dooley Decl., ¶ 8. Conservatively using the California 2018 minimum wage, assuming eight (8) hours of work per day, and calculating 30 days of waiting time penalties gives an amount in controversy of **$1,628,880**.

### 5.    Attorney's Fees

51.    Plaintiff also seeks attorneys' fees and costs in his complaint. Greeson Decl., Exhibit A, Prayer for Relief, ¶¶ 9; 16; 22; 27; 33; 35; 39. Thus, the Court must consider attorneys' fees in determining whether the amount in controversy is met as it is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), cert. denied, 127 S.Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

52.    In California, it is not uncommon for an attorneys' fee award to be 25 to 33 percent of a settlement or judgment. *See, e.g., McGuigan v. City of San Diego*, 183 Cal.App.4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Vasquez v. California*, 45 Cal.4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

15                          DEFS' JOINT NOTICE OF REMOVAL

pay wages, liquidated damages, penalties, and waiting time penalties); *Amaral v. Cintas Corp.* No. 2, 163 Cal.App.4th 1157, 1216-1218 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *see also Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F.Supp.2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.")

53.     The attorneys' fees benchmark in the Ninth Circuit is 25 percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Lo v. Oxnard Euro. Motors, LLC*, 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.")

54.     Twenty-five percent of the total the total amount outlined above is **$1,530,108.50** ($1,768,888 + $1,326,666 + 1,396,000 + $1,628,880 = $6,120,434 x 25% = $1,530,108.50). Accordingly, the total amount in controversy using tk Supply Chain's non-exempt employees who worked at the Lathrop or Livermore, CA locations only in addition to estimated attorney's fees is **$7,650,542.50** ($6,120,434 + $1,530,108.50).

## VI.     SUMMARY AND CONCLUSION

55.     As explained above, removal of this action is proper, as the aggregate value of Plaintiff's causes of action for unpaid overtime, meal period premiums, rest break premiums, waiting time penalties, and attorneys' fees are well in excess of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2):

| Plaintiff's Alleged Claim | Amount in Controversy |
| --- | --- |
| Meal Periods (1 per week per employee) | $884,444 |
| Rest Breaks (1 per week per employee) | $884,444 |
| Overtime (1 hour per week) | $1,326,666 |

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFS' JOINT NOTICE OF REMOVAL

| Plaintiff's Alleged Claim | Amount in Controversy |
|---|---|
| Wage Statements ($4,000 for 349 employees) | $1,396,000 |
| Waiting Time Penalties (617 employees) | $1,628,880 |
| **Total Amount in Controversy[4]** | **$6,120,434** |

56.     Accordingly, although Defendant denies Plaintiff's claims as alleged in the Complaint, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it exceeds the $5,000,000 threshold required under CAFA, without including attorney's fees.

WHERFORE, Defendants jointly remove this action from the Superior Court of the State of California, County of San Joaquin, to the United States District Court for the Eastern District of California.

DATED: December 19, 2022

/s/ Chad D. Greeson
CHAD D. GREESON
NICHOLAS GIOIELLO
LITTLER MENDELSON P.C.

Attorneys for Defendants
THYSSENKRUPP SUPPLY CHAIN
SERVICES NA, INC. and THYSSENKRUPP
MATERIALS NA, INC.

4862-7753-6069.1 / 078056-1141

---

[4] Defendants assumptions for purposes of removal are based on the 2018 California minimum wage for employers with 26 employees or more of $11.00 per hour.

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

17                          DEFS' JOINT NOTICE OF REMOVAL

Exhibit A

SUM-100

# SUMMONS 
## *(CITACION JUDICIAL)* 

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CORTECH WEST STAFFING, LLC; THYSSENKRUPP MATERIALS NA, INC.;
THYSSENKRUPP SUPPLY CHAIN SERVICES NA INC.; TESLA, INC. dba
TESLA MOTORS, INC.; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CURTIS WHITE on behalf of himself and all similarly aggrieved
employees,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
SUPERIOR COURT
2022 OCT 24 PM 2: 28
BRANDON E. RILEY, CLERK
BY_____
NATALIE BASHAW  DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Superior Court of California, County of San Joaquin<br>180 E. Weber Ave., Stockton, CA 95202 | CASE NUMBER:<br>*(Número del Caso):*<br>STK-CV-UOE -2022-9807 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Larry W. Lee / Diversity Law Group, 515 S. Figueroa St. #1250, LA, CA 90071,213-488-6555

| DATE:<br>*(Fecha)* 10\24\2022 | BRANDON E. RILEY, Clerk, by<br>*(Secretario)* _____NATALIE BASHAW_____ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify):*  THYSSENKRUPP MATERIALS NA, INC

under: ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify)*:

4. ☒ by personal delivery on *(date):* Nov. 17, 2022

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

FILED
SUPERIOR COURT
2022 OCT 24   PM 2: 28
BRANDON E. RILEY, CLERK
BY
NATALIE BASHAW

1  B. James Fitzpatrick (SBN: 129056)
   Laura L. Franklin (SBN: 282642)
2  FITZPATRICK & SWANSTON
   555 S. Main Street
3  Salinas, CA 93901
   Telephone: (831) 755-1311
4  Facsimile: (831) 755-1319

5  Larry W. Lee (SBN: 228175)
   Howard L. Magee (SBN: 185199)
6  Shalom "Christine" Choo (SBN: 339947)
7  DIVERSITY LAW GROUP, P.C.
   515 South Figueroa Street, Suite 1250
8  Los Angeles, California 90071
   Telephone (213) 488-6555
9  Facsimile (213) 488-6554

10 Attorneys for Plaintiff,
   CURTIS WHITE on behalf of himself and all similarly aggrieved employees
11

12              SUPERIOR COURT OF CALIFORNIA

13                 COUNTY OF SAN JOAQUIN

                        STK-CV-UOE-2022-9807

14 CURTIS WHITE on behalf of himself and
   all similarly aggrieved employees,
15                                          CLASS ACTION COMPLAINT FOR
                  Plaintiff,                DAMAGES, PENALTIES AND FOR
16                                          INJUNCTIVE RELIEF
   v.
17
   CORTECH WEST STAFFING, LLC;
18 THYSSENKRUPP MATERIALS NA, INC.;         BY FAX
   THYSSENKRUPP SUPPLY CHAIN
19 SERVICES NA INC.; TESLA, INC. dba
   TESLA MOTORS, INC.; and DOES 1
20 through 50, inclusive,

21                Defendants.

22        COMES NOW Plaintiff Curtis White, who on behalf of himself and all other similarly

23 situated current and former employees of Defendants CORTECH WEST STAFFING, LLC,

24 THYSSENKRUPP MATERIALS NA, INC., THYSSENKRUPP SUPPLY CHAIN

25 SERVICES NA INC., TESLA, INC. dba TESLA MOTORS, INC., and members of the

26 public, complain and allege as follows:

27        1.    As used herein, the term "Plaintiff" includes Curtis White, who is the named

28 Plaintiff and Class Representative herein.

                                -1-
                              COMPLAINT

2.      Plaintiff and the Class Members alleged herein (collectively, "Class Members")
seek remedies for all compensation and penalties due to the Class Members during the "Class
Period," which is defined as four years from the filing date, through the date on which final
judgment is entered, based upon information and belief that Defendants are continuing and
will continue the unlawful employment practices as described herein.

3.      Each of the Class Members are identifiable, similarly-situated persons and are
now or at some point during the Class Period were, employed by Defendants.  Plaintiff
reserves the right to seek additional amendments of this Complaint to add as a named Plaintiff
some or all of the persons who are members of the Class.

4.      Plaintiff Curtis White ("Plaintiff") is a competent adult who is, and at all times
mentioned in this complaint has been, a resident of the County of San Joaquin, California.
Plaintiff was employed by Defendants from approximately August 2021 through the present,
pursuant to an unwritten contract, some of the terms of which were the product of an oral
agreement, with other terms implied from or incorporated from written materials and policies
maintained by Defendants and from the conduct of the parties. Plaintiff was assigned to work
at the Livermore and Lathrop production facilities.  The terms of this contract included
working as a non-exempt employee, and at all times as an employee not exempted from the
California Labor Code.  Plaintiff is, and at all relevant times was, an individual as defined in
Business and Professions Code §§ 17201 and 17204.

5.      Defendant CORTECH WEST STAFFING, LLC ("CORTECH") is, and at all
times mentioned in this complaint has been, a corporation incorporated under the laws of the
State of California and registered to do business in the State of California.  Plaintiff is
informed and believes and thereon alleges that CORTECH is authorized to and does conduct
business throughout the State of California, has purposefully availed itself of the privileges
and benefits of doing business in the State of California.

6.      Defendant THYSSENKRUPP MATERIALS NA, INC. ("THYSSENKRUPP
MATERIALS") is, and at all times mentioned in this complaint has been, a corporation
incorporated under the laws of the State of Michigan and registered to do business in the State

**COMPLAINT**

1   of California.  Plaintiff is informed and believes and thereon alleges that THYSSENKRUPP

2   MATERIALS is authorized to and does conduct business throughout the State of California,

3   has purposefully availed itself of the privileges and benefits of doing business in the State of

4   California.

5          7.     Defendant THYSSENKRUPP SUPPLY CHAIN SERVICES NA INC.

6   ("THYSSENKRUPP SUPPLY") is, and at all times mentioned in this complaint has been, a

7   corporation incorporated under the laws of the State of Michigan and registered to do business

8   in the State of California.  Plaintiff is informed and believes and thereon alleges that

9   THYSSENKRUPP SUPPLY is authorized to and does conduct business throughout the State

10  of California, has purposefully availed itself of the privileges and benefits of doing business in

11  the State of California.

12         8.     Defendant TESLA, INC. dba TESLA MOTORS, INC. ("TESLA") is, and at all

13  times mentioned in this complaint has been, a corporation incorporated under the laws of the

14  State of Delaware and registered to do business in the State of California.  Plaintiff is informed

15  and believes and thereon alleges that TESLA is authorized to and does conduct business

16  throughout the State of California, has purposefully availed itself of the privileges and benefits

17  of doing business in the State of California.

18         9.     Plaintiff and the Class Members are ignorant of the true names, identities,

19  capacities and relationships of the Defendants sued herein as DOES 1 through 50, inclusive,

20  and therefore sues these Defendants by such fictitious names.  Plaintiff and the Class Members

21  are informed and believe, and thereon allege, that each of these fictitiously named Defendants

22  are responsible in some manner for the occurrences herein alleged, and that Plaintiff's and the

23  Class Members' damages as herein alleged were proximately caused by DOES 1 through 50.

24  Plaintiff and the Class Members will amend this Complaint to allege the true names and

25  capacities of said DOE Defendants when such information is ascertained.  Each reference to

26  "Defendants," and each reference to any particular Defendant herein, shall be construed to

27  refer to all Defendants, including, but not limited to, all of those fictitiously named herein as a

28  "DOE" Defendant, and each of them.

10.     Plaintiff and the Class Members are informed and believe, and thereon allege, that each of the Defendants herein was at all times relevant to this action the agent, employee, representative, partner, and/or joint venturer of the remaining Defendants, and each of them, and that each of the Defendants herein was at all times acting within the course and scope of that relationship.  Plaintiff and the Class Members are further informed and believe, and thereon allege, that each of the Defendants herein consented to, ratified, and/or authorized the acts of each of the remaining Defendants herein.  The conduct of each of the Defendants was at all times herein in accordance with and represents the official policy of Defendants.  Additionally, at all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants, which proximately caused the damages herein alleged.  Plaintiff and the Class Members are further informed and believe, and thereon allege, that all of the Defendants jointly employed the Plaintiff and Class Members herein and/or carried out a joint scheme, business plan and/or uniform policy, and the acts and omissions of each Defendant are legally attributable to the other Defendants such that they are deemed a single integrated enterprise and agents of one another so that all Defendants are each jointly and severally liable for the acts and omissions hereinafter alleged.

11.     Defendants CORTECH, THYSSENKRUPP MATERIALS, THYSSENKRUPP SUPPLY, and TESLA and DOES 1 through 50 (collectively referred to herein as "Defendants") are, and at all times herein were, "persons" as defined in California Business and Professions Code § 17201.

12.     At all times herein, Defendants directly or indirectly, or through an agent or representative, exercised control over the wages, hours and/or working conditions of the Plaintiff and the Class Members, and directly or indirectly or through an agent or other person engaged, suffered, or permitted Plaintiff and the Class Members to work.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over this action pursuant to Article VI, section 10 of the California Constitution.  Plaintiff brings this Complaint for violations of California law occurring in the County of San Joaquin, including without limitation violations of the

-4-

COMPLAINT

California Labor Code, Business and Professions Code, Civil Code and common law, and the amount in controversy exceeds the minimum jurisdictional amount of the Superior Court. Based on information and belief, Defendants have intentionally availed themselves of the benefits and privileges available within this State, economic or otherwise, so as to render the exercise of jurisdiction over them by the courts of the State of California consistent with traditional notations of fair play and substantial justice. Accordingly, this Court has jurisdiction over the parties and claims in this matter.

14. Pursuant to Code of Civil Procedure § 395(a), venue is proper in this judicial district because Defendants now, and all times relevant herein, reside and/or transact business in the County of San Joaquin. The conduct alleged herein and the damages resulting therefrom occurred in the County of San Joaquin, and at all times herein Defendants maintained their principal place of business in the County of San Joaquin, California.

<b><u>GENERAL ALLEGATIONS</u></b>

15. Defendants now, and at all times relevant herein, did, own, operate and control a business or establishment that employ persons within the meaning of all applicable wage orders, including, but not limited to, IWC Wage Order No. 4-2001 (California Code of Regulations, title 8, section 11140).

16. At all times relevant herein, Plaintiff and the Class Members were non-exempt employees of Defendants under the California Labor Code and were protected by to the provisions of the Wage Order.

17. At all times relevant herein, Plaintiff and the Class Members worked for Defendants without the provision of being compensated for all hours worked, without being paid overtime premium wages for all overtime hours worked, without being paid all wages on time, working without meal or rest periods as required by law, without being compensated for missed meal and rest periods, without being paid the full payment of wages owed at the end of their employment, without being reimbursed for all work-related expenses, and without having been provided with complete and accurate wage statements as required by law.

18. At all times relevant herein, Defendants maintained and enforced a uniform

1    policy of requiring Plaintiff and the Class Members to work shifts of five hours or more within

2    a single workday without providing a thirty (30) minute uninterrupted duty-free meal period

3    within five (5) hours of the beginning of their shift.  Defendants also failed to pay Plaintiff and

4    the Class Members one hour of pay at Plaintiff' and Class Members' regular rate of

5    compensation as required by California Labor Code § 226.7 and the Wage Order for each meal

6    period that was not provided.

7         19.    Likewise, at all times relevant herein, Defendants maintained and enforced a

8    uniform policy by which they repeatedly failed to authorize, permit and provide Plaintiff and

9    the Class Members with paid duty-free rest periods of at least ten (10) consecutive

10   uninterrupted minutes during which Plaintiff and the Class Members were relieved of all

11   duties for every four (4) hours worked or major fraction thereof and which were counted as

12   hours worked for which there would be no deduction from wages, and failed to compensate

13   Plaintiff and the Class Members one (1) hour of wages  at their regular rate of compensation as

14   required by California Labor Code § 226.7 and the Wage Order for each rest period not

15   provided.

16        20.    At all times relevant herein, Defendants maintained and enforced a uniform

17   policy by which they regularly and consistently failed to pay Plaintiff and the Class Members

18   overtime premium wages of one and one-half times the employee's regular rate of pay for all

19   overtime hours worked in a single workday and/or a single workweek, as required by

20   California Labor Code §§ 510 and 1194 and the Wage Order.

21        21.    At all times relevant herein, Defendants maintained and enforced a uniform

22   policy by which they regularly and consistently failed to provide Plaintiff and the Class

23   Members with complete and accurate itemized wage statements stating the total hours worked,

24   regular and overtime hours worked, gross wages earned, net wages earned, all applicable rates

25   of pay and the corresponding number of hours worked under each rate, all deductions, wages

26   owed for missed rest and meal periods, and accurate accounting for all wages paid to Plaintiff

27   and the Class Members.  Defendants also failed to record in ink or other identifiable form all

28   deductions from wages showing the month, day and year, and failed to keep a copy of the

-6-

COMPLAINT

1    statements and records of deductions for three years at the place of employment or at a central

2    location in the State of California. Defendants also failed to keep accurate information with

3    respect to each employee, including full name, home address, occupation, birth date, time

4    records showing when the employee begins and ends each work period, meal periods, total

5    daily hours worked and total wages paid each payroll period, including value of board,

6    lodging, or other compensation actually furnished to the employee.

7         22.    At all times relevant herein, Defendants maintained and enforced a uniform

8    policy by which they regularly and consistently violated California Labor Code §§ §§ 201,

9    202, 204, 216, 218, 221, 223, 1194, 1198 and the Wage Order by unlawfully refusing to pay

10   wages to Plaintiff and the Class Members.

11        23.    At all times relevant herein, Defendants maintained and enforced a uniform

12   policy by which they regularly and consistently violated California Labor Code §§ 201, 202,

13   and 203 by failing to pay Plaintiff and the Class Members all owing and unpaid wages for

14   work performed by them during their employment and at the end of their employment.

15        24.    At all times relevant herein, Defendants maintained and enforced a uniform

16   policy by which they regularly and consistently violated California Labor Code §§ 201, 202,

17   204, 218, 1194, 1198, 1199 and the Wage Order by failing to pay Plaintiff and the Class

18   Members for all hours worked, overtime premium wages for all overtime hours worked, and

19   compensation for missed meal and rest periods,

20        25.    At all times relevant herein, Defendants maintained and enforced a uniform

21   policy by which they regularly and consistently violated California Labor Code § 2802 by

22   failing to reimburse Plaintiff and the Class Members for purchasing their mandatory safety

23   uniform and gear.

24        26.    Plaintiff and the Class Members are informed and believe, and thereon allege,

25   that at all times herein mentioned, Defendants were advised by skilled lawyers and other

26   professionals, employees and advisors knowledgeable about California labor and wage law,

27   employment and personnel practices, and about the requirements of California law. Plaintiff

28   and the Class Members are informed and believe, and thereon allege, that at all times relevant

herein, Defendants knew or should have known that they had a duty to compensate Plaintiff

and the Class Members, and that Defendants had the financial ability to pay such

compensation, but willfully, knowingly and intentionally failed to do so, and falsely

represented to Plaintiff and the Class Members that they were properly denied wages, all in

order to increase Defendants' profits.

27.    California Labor Code § 218 states that nothing in Article I of the Labor Code

shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to

him under this Article."

## CLASS ACTION ALLEGATIONS

28.    Plaintiff brings this action on behalf of himself, the general public, and all other

similarly situated persons as a class action pursuant to Code of Civil Procedure § 382. All

claims alleged herein arise under California law for which Plaintiff seeks relief authorized by

California law. Plaintiff seeks to represent a class composed of and defined as follows:

> A.    Class:
>
> All current and former non-exempt employees of Defendants who worked for Defendants in California at the Livermore and Lathrop production facilities at any time within the four (4) years through the date of the order granting class certification.

29.    Plaintiff reserves the right under Code of Civil Procedure § 382 to amend or

modify the class description with greater specificity, further division into subclasses or with

limitations to particular issues.

30.    This action has been brought and may be properly maintained as a class action

under the provisions of Code of Civil Procedure § 382 because the questions of law and fact at

issue herein are common and of general interest to Plaintiff and the Class Members, the parties

are numerous, and it would be impracticable to bring the claims alleged herein before the court

as individual claims or through some other than a class action.

## A.    **Numerosity**

31.    The Class Members are so numerous that joinder of all the members of the class

is not feasible and not practical. While the precise number the Class Members has not been

-8-
**COMPLAINT**

determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the Class Period regularly employed, more than 50 employees in California in hourly wage or otherwise non-exempt positions. The identities of the Class Members are readily ascertainable by inspection of Defendants' employment records. Moreover, joinder of all members of the proposed class is not practicable, and individual damages for each member is not anticipated to be sufficiently high to allow for practical resolution through individualized litigation.

**B.    Commonality and Predominance**

32.    There are questions of law and fact common to each Class Member that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a.    Whether Defendants violated California Labor Code §§ 226.7 and 512 and the Wage Order by failing to provide a 30 minute duty-free meal period within the first five hours of each workday to Plaintiff and the Class Members on days they worked in excess of five hours, and failing to compensate Plaintiff and the Class Members one hour of wages at their regular rate of pay for each such missed meal period that was not provided;

b.    Whether Defendants violated Labor Code § 226.7 and the Wage Order by failing to provide a paid 10 minute duty-free rest period to Plaintiff and the Class Members for every four-hour work period or major fraction thereof, by either not paying wages to Plaintiff and the Class Members or reducing their wages for time spent during any rest period that was provided, and by failing to compensate Plaintiff and the Class Members one hour of wages for such missed and/or unpaid/underpaid rest periods;

c.    Whether Defendants violated Labor Code §§ 1194 and 1198 and the Wage Order by failing to pay Plaintiff and the Class Members the appropriate premium overtime wages for all overtime hours worked;

d.    Whether Defendants violated California Labor Code § 226 by failing to provide accurate itemized wage statements to Plaintiff and the Class Members containing all of the information required by Labor Code § 226;

e.      Whether Defendants violated California Labor Code §§ 201, 202, 204, 216, 218, 221, 1194 and 1198 by failing and refusing to pay Plaintiff and the Class Members agreed wages for all work performed by them, including minimum wage and/or overtime as compensation for any and all hours worked;

f.      Whether Defendants violated Labor Code §§ 201, 202, 203 and 204 by failing to timely pay Plaintiff and the Class Members all wages for work performed by them during their employment and failing to timely pay Plaintiff and the Class Members at the end of their employment all wages for work performed by them during their employment;

g.      Whether Defendants violated Labor Code §§ 201, 202, and 204 by failing to timely pay Plaintiff and the Class Members for all wages and hours worked during their employment;

h.      Whether Defendants violated Labor Code § 2802 by failing to reimburse employees for all business expenses, including expenses incurred in purchasing mandatory safety uniform and gear required to discharge their duties;

i.      Whether Defendants' failure to pay wages, and premiums in accordance with the California Labor Code and the Wage Order was willful;

j.      Whether Defendants violated Labor Code § 1198 and the Wage Order for failing to keep accurate records with respect to each employee;

k.      Whether Defendants' conduct as alleged throughout this complaint was willful or reckless;

l.      The appropriate amount of damages, restitution and/or monetary penalties resulting from Defendants' violations of California law;

m.      Whether Plaintiff and the Class members are entitled to equitable relief, including but not limited to, injunctive and declaratory relief, pursuant to Business and Professions Code §§ 17200 *et seq.*; and

n.      Whether Defendants violated Business and Professions Code §§ 17200 *et seq.*, by failing to provide meal and rest periods mandated by Labor Codes § 226.7, 512 and the Wage Order; by failing to compensate Plaintiff and the Class Members one (1) hour of pay

1    for meal periods and rest periods that were not provided; by failing to pay regular and

2    overtime wages for all hours worked; and by failing to pay agreed wages.

3    **C.    Typicality**

4       33.    The claims of Plaintiff are typical of the claims of the Class Members. Plaintiff

5    and the Class Members sustained injuries and damages arising out of and caused by the

6    Defendants' common course of conduct in violation of statutes, common law, wage orders

7    and/or regulations that have the force and effect of law, as alleged herein. Plaintiff has a well-

8    defined community of interest with the Class Members and are qualified to, and will, fairly

9    and adequately protect the interests of each Class Member.

10    **D.    Adequacy of Representation**

11       34.    Plaintiff will fairly and adequately represent and protect the interests of the Class

12    Members. Plaintiff acknowledges Plaintiff's obligation to make known to the Court any

13    relationship, conflict or difference with any Class Member. Plaintiff has incurred and

14    throughout this action will continue to incur, costs and attorney's fees necessarily expended

15    for the prosecution of this action for the substantial benefit of each Class Members. Counsel

16    who represents Plaintiff is competent and experienced in litigating class actions, versed in the

17    rules governing class action discovery certification, settlement and trial, and will vigorously

18    and competently pursue the claims of Plaintiff and the Class Members.

19    **E.    Superiority**

20       35.    The nature of this action makes the use of class action adjudication superior to

21    other methods. The class action will achieve economies of time, effort and expense as

22    compared with separate individual lawsuits on behalf of each Class Member, and will avoid

23    inconsistent outcomes because the same issues will be adjudicated in the same manner and at

24    the same time for the entire class.

25    **F.    Public Policy Consideration**

26       36.    Employers in the State of California violate employment and labor laws on a

27    daily basis. Employees are often intimidated and afraid to assert their rights out of fear that

28

1   they will be subjected direct or indirect retaliation by their employers.  Former employees

2   (those who are no longer employed by a particular employer who had subjected them to

3   employment and labor law violations) are fearful of brining actions against their former

4   employers because they believe their former employers might damage their future endeavors

5   through negative references and/or other means.  Class actions provide Class Members who

6   are not named in the complaint with vindication of their rights while also protecting their

7   privacy and shielding them from retaliation.

**FIRST CAUSE OF ACTION**
**Failure to Provide Meal Periods or Compensation in Lieu Thereof**
8   **(Labor Code §§ 226.7 and 1198; and the Wage Order)**
**(Plaintiff and the Class Members against Defendants)**
9

10      37.    Plaintiff and the Class Members allege and incorporate by reference all of the

11   allegations contained in the preceding paragraphs as though fully set forth herein.

12      38.    California Labor Code § 226.7 provides that no employer shall require an

13   employee to work during any meal period mandated by an applicable order of the Industrial

14   Welfare Commission.  Labor Code § 226.7 further provides that if an employer fails to

15   provide an employee a meal period or rest period in accordance with an applicable order of the

16   Industrial Welfare Commission, the employer shall pay the employee one additional hour of

17   pay at the employee's regular rate of compensation for each workday that the meal or rest

18   period is not provided.

19      39.    At all times relevant to this action, the Wage Order and California Labor Code §

20   1198 provided that an employer may not require, cause or permit an employee to work for a

21   period of more than five (5) hours per day without providing the employee with an

22   uninterrupted meal period of not less than thirty (30) minutes, except that if the total work

23   period per day of the employee is not more than six (6) hours, the meal period may be waived

24   by mutual consent of both the employer and the employee.

25      40.    Throughout the Class Period, Defendants and/or their authorized supervisors

26   repeatedly failed to comply with the meal period requirements of the Labor Code and the

27   Wage Order by failing to provide Plaintiff and the Class Members with a thirty (30) minute

28   uninterrupted duty-free meal period within five (5) hours of the beginning of their shift, in

violation of Labor Code §§ 512, 226.7, and the Wage Order. Defendants also failed to compensate Plaintiff and the Class Members one (1) hour of wages for any of the missed meal periods not provided by Defendants, as alleged above, which failure also violated Labor Code §§512 and 226.7 and the Wage Order.

41.    Pursuant to the Wage Order and California Labor Code § 226.7(b), Plaintiff and the Class Members are entitled to recover from Defendants one (1) additional hour of pay at their regular hourly rate of compensation for each meal period violation as alleged herein.

42.    Defendants were at all times aware of the Labor Code and Wage Order requirements that they provide Plaintiff and the Class Members with such meal periods and was aware that Plaintiff and the Class Members regularly worked more than five (5) hours in a shift without receiving mandated meal periods. Thus, Defendants willfully violated the provisions of Labor Code §§ 226.7 and 512 and the Wage Order.

43.    As a result of the unlawful conduct of Defendants, Plaintiff and the Class Members have been deprived of wages and other compensation in amounts to be determined at trial, and are entitled to recovery of such amounts.

44.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

### SECOND CAUSE OF ACTION
**Failure to Provide Rest Periods or Compensation in Lieu Thereof**
**(Labor Code §§ 226.7 and 1198; and The Wage Order)**
**(Plaintiff and the Class Members against Defendants)**

45.    Plaintiff and the Class Members allege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

46.    California Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California Industrial Welfare Commission. Labor Code Section 226.7 further provides that if an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided.

-13-
**COMPLAINT**

47.    The Wage Order and California Labor Code § 226.7 provides that every employer shall provide and shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period, and that the rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof, unless the total daily work time is less than three and one-half hours.

48.    Throughout the Class period, on days in which Plaintiff and the Class Members worked at least three and one half hours, Defendants regularly and repeatedly required Plaintiff and the Class Members to work four (4) hours and/or a major fraction thereof without providing, authorizing or permitting at least one ten (10) minute rest period during which Plaintiff's and the Class Members were relieved of all duties (hereafter "rest period") per each four (4) hour period, or a major fraction thereof, worked.

49.    Throughout the Class Period, Defendants failed to pay Plaintiff and the Class Members a premium of one hour pay at their regular rate of pay for each rest period not provided, authorized, and permitted as alleged herein, pursuant to Labor Code § 226.7.

50.    Defendants were at all times aware of the Labor Code and Wage Order requirements that they provide Plaintiff and the Class Members with the rest periods described above and were aware that Plaintiff and the Class Members regularly worked more than four (4) hours or major fraction thereof without receiving mandated rest periods. Defendants therefore at all times willfully violated the provisions of Labor Code § 226.7 and the Wage Order.

51.    Pursuant to the Wage Order and California Labor Code § 226.7(b), Plaintiff and the Class Members are entitled to recover from Defendants one (1) additional hour of pay at their regular hourly rate of compensation for each workday that a rest period was not provided. As a result of the unlawful conduct of Defendant, Plaintiff have been deprived of wages and compensation in amounts to be determined at trial, and are entitled to recovery of such amounts.

52.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed

1    for.

## THIRD CAUSE OF ACTION
### Failure to Pay Hourly and Overtime Wages
**(California Labor Code §§ 1194 and 1198; and The Wage Order)**
**(Plaintiff and the Class Members against Defendants)**

53.    Plaintiff and the Class Members incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

54.    Plaintiff and the Class Members base this cause of action upon Defendants' willful and intentional violations of the California Labor Code and Industrial Welfare Commission requirements that Defendants pay Plaintiff and the Class Members for all hours worked, including the requirement to pay premium overtime wages to Plaintiff and the Class Members for overtime hours worked in a workday and/or in a workweek, and/or on the seventh consecutive day in a workweek.

55.    Pursuant to Labor Code § 204, as well as other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

56.    Labor Code § 1198 provides that "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

57.    Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

58.    Throughout the Class Period, Defendants knew or had reason to know that Plaintiff and the Class Members were regularly and consistently worked overtime without being paid the appropriate premium overtime wage required by Labor Code §§ 1194 and 1198, and the Wage Order.

59.    Throughout the Class Period, Defendants' conduct as alleged herein amounted to a uniform pattern of unlawful wage and hour practices which resulted from the

-15-
**COMPLAINT**

1    implementation of uniform policies and practices by which Defendants failed to accurately

2    record all hours worked by Plaintiff and the Class Members thereby denying payment of

3    overtime premium wages to Plaintiff and the Class Members for overtime hours worked.

4        60.    In committing the violations of the California Labor Code as alleged herein,

5    Defendants engaged in an illegal attempt to avoid the payment of all earned wages and other

6    benefits in violation of the California Labor Code, the Industrial Welfare Commission

7    requirements and other applicable laws and regulations.

8        61.    As a direct result of Defendants' unlawful wage practices as alleged herein,

9    Plaintiff and the Class Members have been denied full compensation for all hours worked by

10   them, including but not limited to premium overtime wages for overtime hours.

11       62.    The Labor Code and the Wage order set forth various exemptions by which

12   certain categories of employees are exempt from the protections of the overtime laws

13   contained in the Labor Code. At no time during Plaintiff's employment did any of these

14   exemptions apply to Plaintiff and the Class Members. Moreover, at no time were Plaintiff and

15   the Class Members subject to a valid collective bargaining agreement that would preclude the

16   causes of action set forth in this complaint. Rather, Plaintiff and the Class Members bring this

17   action because of Defendants' violations of non-waiveable rights guaranteed to them by the

18   State of California.

19       63.    As a direct consequence of Defendants' unlawful failure to pay Plaintiff and the

20   Class Members the full and accurate amount of all earned wages at the appropriate rate for the

21   true number of hours they worked, Plaintiff and the Class Members have suffered and will

22   continue to suffer economic injuries in an amount which is presently unknown to them and

23   which will be ascertained according to proof at trial.

24       64.    In performing the acts and practices in violation of California labor laws as

25   herein alleged, Defendants have acted and continue to act intentionally, oppressively and

26   maliciously towards Plaintiff and the Class Members, with a conscious disregard for their legal

27   rights and the consequences to them, and with the intent of depriving them of their property

28   and legal rights and otherwise causing them injury, in order to increase Defendants' profits at

the expense of Plaintiff and the Class Members.

65.     Plaintiff and the Class Members request recovery of all unpaid wages, including overtime premium wages, in an amount according to proof, interest on such amounts, statutory costs, and the assessment of any and all statutory penalties against Defendants, all in the sums as provided by the California Labor Code and/or other applicable statutes. In addition, to the extent that overtime compensation is owed Plaintiff and the Class Members whose employment has been terminated, Defendants' conduct violates Labor Code §§ 201 and/or 202, entitling Plaintiff and the Class Members to waiting time penalties under Labor Code § 203, which penalties are sought herein on behalf of Plaintiff and the Class Members.

66.     WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

### FOURTH CAUSE OF ACTION
**Failure to Comply with Itemized Employee Wage Statement Requirements**
**(California Labor Code §§ 226, 1174 and 1175; and The Wage Order)**
**(Plaintiff and the Class Members against Defendants)**

67.     Plaintiff and the Class Members allege and incorporate by reference all of the allegations contained in the preceding paragraphs, as though fully set forth herein.

68.     Labor Code § 226(a) and the Wage Order require Defendants to itemize in wage statements all deductions from payment of wages, to accurately report total hours worked, to report the rate of pay for hours worked, and keep the records on file at the place of employment or at a central location within the State of California.  Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) and the Wage Order with respect to wage statements they have provided to Plaintiff and the Class Members.

69.     Labor Code § 1174 and the Wage Order requires Defendants to maintain and preserve, at the place of employment or at a central location within the State of California, among other items, accurate records showing the names and addresses of all employees employed, payroll records accurately showing the hours worked daily and the wages paid to its employees.  Defendants have knowingly and intentionally failed to comply with these requirements in violation of Labor Code §§ 1174 and 1175 and the Wage Order.

70.     Labor Code § 226(a) and the Wage Order provide that every employer shall,

-17-
**COMPLAINT**

semimonthly or at the time of each payment of wages, furnish each of its employees an accurate itemized statement in writing showing gross wages earned, total hours worked by the employee, the number of piece rate units and the applicable rate, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, the name of the employee and the last four digits of the employee's social security number (or an employee identification number), the name and address of the legal entity that is the employer and all applicable hourly rates in effect during the pay period and the corresponding numbers of hours worked at each hourly rate by the employee. Labor Code § 226(a) mandates that deductions made from payments of wages shall be recorded in ink, properly dated and a copy of the statement or a record of deductions be kept on file by the employer for at least three years. Moreover, the Wage Order requires Defendants to maintain time records for each employee showing, including but not limited to, an accurate report of the total hours worked by each employee, when the employee begins and ends each work period, meal periods, and total daily hours worked in itemized wage statements, and all deductions from payment of wages.

71.    Throughout the Class Period, Defendants have regularly and consistently, intentionally and willfully, failed to provide Plaintiff and the Class Members with complete and accurate wage statements.

72.    The Wage Order provides that an employer must keep accurate information with regard to each employee, which shall include time records showing when the employee begins and ends each work period, total daily hours worked and total hours worked in the pay period and the applicable rates of pay.

73.    Throughout the Class Period, Defendants continually failed to keep accurate records and information with regard to Plaintiff and the Class Members as required by the Wage Order. Defendants repeatedly provided Plaintiff and the Class Members with wage statements that, among other inaccuracies, failed to include complete and accurate information on the following: (1) gross wages earned; (2) total hours worked; (3) all deductions from wages; (4) net wages earned; (5) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and (6) reimbursement for

1    work-related expenses.

2    74.    As a result of Defendants' violation of Labor Code §§ 226(a), 1174 and 1175, as

3 well as the Wage Order, Plaintiff and the Class Members have suffered injury and damage to

4 their statutorily-protected rights. These injuries and damages include, but are not limited to,

5 the denial of their legal right to receive and their protected interest in receiving accurate,

6 itemized wage statements under Labor Code § 226(a). Moreover, the inaccurate and

7 incomplete wage statements provided by Defendants deceived Plaintiff and the Class

8 Members about the wages and other compensation to which they were entitled and deprived

9 them of such wages and compensation. As a further result of Defendants' failure to provide

10 Plaintiff and the Class Members with accurate wage statements in accordance with Labor

11 Code § 226 and to keep accurate time records as required by the Wage Order, Plaintiff and the

12 Class Members have suffered injuries and are entitled to penalties under Labor Code § 226

13 and Labor Code § 226.3 which states that any employer who violates § 226 shall be subject to

14 a civil penalty in the amount of $250.00 per employee per violation in an initial citation. The

15 civil penalty provided for in this section is in addition to any other penalty provided by law, in

16 an amount to be proven at trial. The injuries suffered by Plaintiff and the Class Members

17 include, but are not limited to, having been, and continuing to be, forced to conduct

18 investigations and perform mathematical computations in an attempt to reconstruct their time

19 records; the inability to reconstruct their time records; the inability to discern the amount of

20 wages they were paid and/or the applicable wage rate; the inability to determine the number of

21 hours, including but not limited to, overtime hours they worked; the inability to determine the

22 number of rest periods and meal periods they were forced to forego; the inability to determine

23 whether they were compensated for all meal and rest periods of which they had been deprived;

24 the inability to determine whether they were paid all wages due for work they performed; the

25 inability to determine the amount of wages owing and unpaid; having been, and continuing to

26 be, forced to hire attorneys and initiate a lawsuit in order to ascertain the aforementioned

27 information.

28    75.    Plaintiff and the Class Members are further entitled to recover from Defendants

the greater of their actual damages caused by Defendants' failure to comply with Labor Code § 226(a), or an aggregate penalty not exceeding $4,000.00.

76.     Plaintiff and the Class Members are also entitled to injunctive relief to ensure compliance with this section, pursuant to Labor Code § 226(g).

77.     Pursuant to Labor Code § 226(e), each employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of all actual damages or $50.00 for the initial pay period in which a violation occurs and $100.00 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000.00, and is entitled to an award of costs and reasonable attorneys' fees.

78.     Moreover, an employee is entitled under the Labor Code § 226(g) to injunctive relief to ensure compliance with Labor Code § 226 and is entitled to an award of costs and reasonable attorneys' fees.

79.     WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

-20-

**COMPLAINT**

**FIFTH CAUSE OF ACTION**
**Failure to Pay All Wages Upon Termination**
**(California Labor Code §§ 201, 202 and 203; and The Wage Order)**
**(Plaintiff and the Class Members against Defendants)**

80.    Plaintiff and the Class Members incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

81.    Labor Code § 203 provides that if an employer willfully fails to pay wages owed in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid, but the wages shall not continue for more than thirty (30) days.

82.    Labor Code § 201 provides if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

83.    Labor Code § 202 provides that an employee is entitled to receive all unpaid wages no later than 72 hours after an employee quits his or her employment, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

84.    Defendants willfully failed to pay Plaintiff and the Class Members all their wages due, as alleged hereinabove and hereinafter, upon the termination of their employment within the times prescribed by Labor Code §§201 and 202 and are therefore subject to a waiting time penalty. Plaintiff and the Class Members are entitled to recover from Defendants the statutory penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code § 203.

85.    WHEREFORE, Plaintiff and the Class Members request relief as herein prayed for.

**SIXTH CAUSE OF ACTION**
**Violation of Labor Code § 2802**
**(Plaintiff and the Class Members against Defendants)**

86.    Plaintiff and the Class Members incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth herein.

87.    Pursuant to Labor Code § 2802 an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the

-21-
**COMPLAINT**

1    employee's discharge of his or her duties.

2        88.    At all times herein alleged, Defendants regularly and consistently violated Labor

3    Code § 2802 by failing to reimburse Plaintiff and the Class Members for expenses incurred in

4    the performance of their duties, including expenses incurred in purchasing mandatory safety

5    uniform and gear required to their duties.

6        89.    Plaintiff and the Class Members were required to retain attorneys to bring this

7    action and are entitled to an award of reasonable attorneys' fees pursuant to Labor Code §

8    2802(c).

9                          **SEVENTH CAUSE OF ACTION**
                              **Unfair Business Practices**
10    **(California Business and Professions Code §§ 17200 et seq. and Common Law)**
          **(Plaintiff and the Class Members against Defendants)**

11        90.    Plaintiff and the Class Members hereby incorporate each of the preceding

12    paragraphs of this Complaint as if fully alleged herein.

13        91.    Plaintiff and the Class Members suffered direct injury as a result of the

14    Defendants' conduct, as alleged in the preceding paragraphs, and bring this action under Code

15    of Civil Procedure § 382. The deprivation by Defendants of Plaintiff and the Class Members

16    by their unlawful business practices within the meaning of Business and Professionals Code §

17    17200, *et seq*. including, but not limited to, a violation of the Wage Order, regulations, and

18    statutes, and further, whether or not in violation of the aforementioned Wage Order, regulation

19    and statutes, amount to practices which are otherwise unfair.

20        92.    Under Business and Professions Code § 17200, *et seq*., including, but not limited

21    to §§ 17201, 17203, and 17208, Plaintiff asserts standing on behalf of himself and on the

22    behalf of each of the members of the class alleged herein.  Plaintiff and the Class Members

23    seek, among others, restitution of compensation due during the Class Period.

24        93.    Throughout the Class Period, Defendants have committed violations of law, as

25    described herein, including, but not limited to: violation of Labor Code §§ 204, 216, 218, 221,

26    226.7, 510, 512(a), 1194, 1198, 2802 and the Wage Order.

27        94.    These unlawful and unfair business practices defeat the public interest purposes

28    of the State's labor laws, as set forth in the sections of the California Labor Code, the

-22-
**COMPLAINT**

California Code of Regulation and the Wage Order referenced elsewhere in this complaint, all of which promote compliance with labor laws and employment regulations by participants in Defendants' industry.

95. Defendants' unfair and unlawful business practices thus have violated the sections of the Labor Code, California Code of Regulation and the Wage Order referenced in this complaint and have imposed harm on their employees and their competitors and will continue to do so until abated. As a result of these unfair and unlawful business practices, Defendants have retained monies belonging to Plaintiff and the Class Members and they have been unjustly enriched at Plaintiff's and the Class Members' expense. Plaintiff and the Class Members are entitled to restitution of the wages and monies withheld and retained by Defendants during the Class Period and a preliminary and permanent injunction requiring Defendants to pay all wages and sums due to Plaintiff and the Class Members, to provide mandatory rest and meal periods, and to provide accurate and complete wage statements.

96. As a direct and proximate result of Defendants' conduct, Plaintiff and the Class Members have suffered injury and loss of money.

97. This action will result in the enforcement of an important right affecting the public interest. The conduct of Defendants as alleged herein has been and continues to be unfair, unlawful and harmful to Plaintiff and the Class Members, and the general public. Accordingly, under Code of Civil Procedure § 1021.5, Plaintiff and the Class Members are entitled to an award of reasonable attorneys' fees according to proof.

98. WHEREFORE, Plaintiff and the Class Members request relief as hereinafter prayed for.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the Class Members prays as follows:

## CLASS CERTIFICATION

1. That this action be certified as a class action and that the class identified herein be certified;

2. That Plaintiff be appointed as the representative of all the Class Members;

-23-
COMPLAINT

3.    That counsel for Plaintiff be appointed as class counsel.

**AS TO THE FIRST CAUSE OF ACTION**

4.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7, 512, 1198 and the Wage Order by willfully failing to provide all meal periods to Plaintiff and the Class Members;

5.    That the Court grant an award to Plaintiff and the Class Members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

6.    For all actual, consequential and incidental losses and damages, according to proof;

7.    For premiums pursuant to California Labor Code § 226.7(b);

8.    For prejudgment interest on any unpaid wages for the date such amounts were due;

9.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 210 and 211; and

10.    For such other further relief as the Court may deem equitable and appropriate.

**AS TO THE SECOND CAUSE OF ACTION**

11.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7, 512, 1198 and the Wage Order by willfully failing to provide all rest periods to Plaintiff and the Class Members;

12.    That the Court grant an award to the Plaintiff and the Class Members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

13.    For all actual, consequential and incidental losses and damages, according to proof;

14.    For premiums pursuant to California Labor Code § 226.7(b);

15.    For prejudgment interest on any unpaid wages for the date such amounts were due;

16.  For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 210 and 211; and

17.  For such other further relief as the Court may deem equitable and appropriate.

### AS TO THE THIRD CAUSE OF ACTION

18.  That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510, 1194, and 1198, and the Wage Order by willfully failing to pay wages to Plaintiff and the Class Members;

19.  That the Court grant an award to Plaintiff and the Class Members for Defendants willfully failing to pay wages due to Plaintiff and the Class Members;

20.  For all actual, consequential and incidental losses and damages, according to proof;

21.  For prejudgment interest on any unpaid wages for the date such amounts were due;

22.  For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 218.5, 218.6, 558, 1194, and 1197; and

23.  For such other further relief as the Court may deem equitable and appropriate.

### AS TO THE FOURTH CAUSE OF ACTION

24.  That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226 and the Wage Order as to Plaintiff and the Class Members and that Defendants willfully failed to provide accurate itemized wage statements to Plaintiff and the Class Members;

25.  For all actual, consequential and incidental losses and damages, according to proof or, alternatively, for statutory penalties pursuant to California Labor Code § 226(e);

26.  For injunctive relief to ensure compliance with Labor Code § 226(a), pursuant to California Labor Code § 226(g);

27.  For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code § 226.3; and

28.  For such other further relief as the Court may deem equitable and appropriate.

-25-
**COMPLAINT**

**AS TO THE FIFTH CAUSE OF ACTION**

29.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of Plaintiff and the Class Members termination of employment;

30.    For all actual, consequential and incidental losses and damages, according to proof;

31.    For statutory wage penalties in favor of Plaintiff and the Class Members that have left Defendants' employment, pursuant to California Labor Code §§ 203 and 210;

32.    For prejudgment interest on any unpaid wages for the date such amounts were due;

33.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code §§ 203, 210, 211, 218.5, 218.6, and 1194; and

34.    For such other further relief as the Court may deem equitable and appropriate.

**AS TO THE SIXTH CAUSE OF ACTION**

35.    For damages and/or penalties pursuant to statute as set forth in California Labor Code §§ 2800, 2802, and the applicable wage order, and for costs and attorneys' fees.

**AS TO THE SEVENTH CAUSE OF ACTION**

36.    That the Court declare, adjudge and decree that Defendants violated Business and Professions Code § 17200 et seq., by failing to provide all meal and rest periods to Plaintiff and the Class Members, failing to pay for all missed meal and rest periods to Plaintiff and the Class Members, failing to pay overtime premiums, failing to reimburse for work-related expenses, failing to provide accurate and complete wage statements, failing to pay agreed wages, and failing to timely provide Plaintiff and the Class Members all compensation due to them during their employment and after the termination of their employment.

37.    For restitution of unpaid wages and penalties to Plaintiff and the Class Members, and for prejudgment interest from the day such amounts were due and payable;

38.    For the appointment of a Receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by

1   Defendants as a result of violation of Business and Professions Code § 17200 et seq.;

2       39.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to Code

3   of Civil Procedure § 1021.5;

4       40.    For injunctive relief to ensure compliance with this section, pursuant to Business

5   and Professions Code § 17200 et seq.; and

6       41.    For such other and further relief as the Court may deem equitable and

7   appropriate.

8   Dated: October 24, 2022           FITZPATRICK & SWANSTON

9                                 DIVERSITY LAW GROUP, P.C.

10

11                       By: _____

12                           B. James Fitzpatrick

13                           Larry W. Lee
                              Attorneys for Plaintiff,

14                           Curtis White on behalf of himself and all
                              similarly aggrieved employees

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Howard L. Magee (State Bar No. 185199) DIVERSITY LAW GROUP 515 S. Figueroa Street, Suite 1250 Los Angeles, California 90071 | *FILED SUPERIOR COURT* 2022 OCT 24 PM 2: 28 *BRANDON E. RILEY, CLERK* BY NATALIE BASHAW DEPUTY STK-CV UOE -2022-9807 |

TELEPHONE NO.: (213) 488-6555    FAX NO.: (213) 488-6554
ATTORNEY FOR *(Name):* Plaintiff Curtis White

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
STREET ADDRESS: 180 E. Weber Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME: Stockton Courthouse

BY FAX

CASE NAME:
Curtis White v. CorTech West Staffing, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | JUDGE: |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 24, 2022
Larry W. Lee

(TYPE OR PRINT NAME)    ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**



# Superior Court of California, County of San Joaquin
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

> *Indicating your preference on Case Management Statement form CM-110;

> *Filing the Stipulation and Order to Participate in Alternative Dispute Resolution (ADR) *local court form Sup Crt 441*; or

> *Agree to ADR at your initial Case Management Conference.

**Questions?** Call (209) 992-5693 and ask for the ADR Clerk, email at adr@sjcourts.org or visit the court website at www.sjcourts.org

---

## What is Alternative Dispute Resolution?

**Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Trained impartial persons, called 'neutrals', resolve disputes or help parties resolve disputes without having to go to court. The most common forms of ADR are mediation and arbitration. There are several other types of ADR such as case evaluation, conciliations, settlement conferences, fact finding, mini-trials and summary jury trials. It is important to find the type or types of ADR that are most likely to resolve your dispute.**

## What are the Advantages of using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorney's fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

*ADR Information Packet (7/15)*

## What is the Disadvantage of using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.
- *Cost* – The neutral may charge a fee for their services.
- *Timelines* – Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in and ADR process.

## What ADR options are available?

- **Mediation** – The Civil Mediation Program is a voluntary court-connected program designed to deliver high-quality affordable mediation services to attorneys and litigants in all general civil cases. Mediation gives litigants a voice in settlement decisions and thereby allows them to play a more direct role in managing the outcome of their own case. The Superior Court of California, County of San Joaquin, is pleased to offer this important and valuable option for resolution of litigation.
  - ➢ Mediation is an informal, confidential, flexible and non-binding process which a neutral person (mediator) helps the parties to understand the interest of everyone involved, and their practical and legal choices. The mediator does not decide the dispute, but helps the parties communicate so they can try to settle the dispute themselves. **Mediation leaves control of the outcome with the parties.**
  - ➢ Mediators are experienced attorneys who have completed a Court-approved formal mediation training program. A copy of the Civil Mediation Program Panelist is available on the court website at www.sjcourts.org
    See Local Rule 3-123 for additional Civil Mediation Program information.

- **Arbitration** – A neutral person (arbitrator) hears arguments and evidence from each side and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit.
  - ➢ *Judicial Arbitration Program* (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award *and proceed to trial.* See Local Rule 3-122 for additional Judicial Arbitration information.
  - ➢ *Private Arbitration* (binding and non-binding): Occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

- **Additional Information** regarding San Joaquin County Superior Court's ADR programs is available on the Court's website at www.sjcourts.org

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)  ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court *(if different from the address above):*

☐ **Notice of Intent to Appear by Telephone, by** *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*


2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*


4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint    *(Describe, including causes of action):*

Page 1 of 5

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.    *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐ days *(specify number):*
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:                      f.  Fax number:
e.  E-mail address:                        g.  Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

|  | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| | |
|---|---|
| _____ | ▶ _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| _____ | ▶ _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached. |

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                          FAX NO.:<br>EMAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN**

☐LODI Branch    ☐ MANTECA Branch    ☐ TRACY Branch    ☐STOCKTON Branch
315 W. Elm St.     315 E. Center St.     475 E. 10th St.     222 E. Weber Ave.
Lodi, CA 95240     Manteca, CA 95336     Tracy, CA 95376     Stockton, CA 95202

Plaintiff(s)/Petitioner(s):

Defendant(s)/Respondent(s):                                          CASE NUMBER:

---

## STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

**Pursuant to California Rules of Court §3.726 the parties stipulate that all claims pursuant in this action shall be submitted to (select one):**

☐Voluntary Mediation                                    ☐Other (specify):

☐Non-Binding Judicial Arbitration CCP 1141.12          _____

☐Binding Arbitration (private)                          _____

**Case Type:** _____

**Is the Neutral you selected listed on the Court's Panel of Mediators?** ☐ Yes     ☐ No

**Neutral's name and telephone number:** _____ /(_____)_____

**Date/Time of ADR Session:** _____/_____a.m./p.m.  **Location of ADR Session:**_____

**Identify by name ALL individuals (litigants and attorneys) who will attend the ADR session:**

_____

_____

**Attorneys signing on behalf of their client(s) have been given the authority to stipulate to ADR. Original signatures required.**

_____                    _____
Type or print name of ☐Party without attorney ☐Attorney for                    (Signature)
☐Plaintiff/Petitioner ☐Defendant/Respondent                    Attorney or Party without attorney

_____                    _____
Type or print name of ☐Party without attorney ☐Attorney for                    (Signature)
☐Plaintiff/Petitioner ☐Defendant/Respondent                    Attorney or Party without attorney

_____                    _____
Type or print name of ☐Party without attorney ☐Attorney for                    (Signature)
☐Plaintiff/Petitioner ☐Defendant/Respondent                    Attorney or Party without attorney

_____                    _____
Type or print name of ☐Party without attorney ☐Attorney for                    (Signature)
☐Plaintiff/Petitioner ☐Defendant/Respondent                    Attorney or Party without attorney

## IT IS SO ORDERED: Dated:_____    _____
                                                    Judge of the Superior Court

**An ADR Review Hearing is scheduled for** _____at _____a.m/p.m. in Dept. No. _____.

**In the event that the case is resolved and a dismissal-entire action, a notice of settlement or judgment is on file 5 days before the hearing, the ADR Hearing will be dropped and all appearances will be excused.**

STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)
Sup Crt 441 (6/09)

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

### NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Case Number: **STK-CV-UOE-2022-0009807**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 04/28/2023 | Time:  8:45 AM Department:10A |
|---|---|---|
| **JUDGE** | **COURT LOCATION** | **PHONE Numbers:** |
| THIS CASE HAS BEEN ASSIGNED TO JUDGE GEORGE J. ABDALLAH IN DEPARTMENT 10A FOR ALL PURPOSES, INCLUDING TRIAL | **Stockton** | Stockton: 209-992-5693<br>Lodi:     209-992-5522 |

[ X ] ADR & Scheduling Information is available on the court website @ sjcourts.org/self-help

1. You must:

    a. **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of filing of the complaint. (CRC 3.110)

    b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c. **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d. **Collection cases** are managed pursuant to CRC 3.740.

2. Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/division/civil.

3. If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4. Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules, and forms.

Date: 10/24/2022

_ Natalie Bashaw   _,Deputy Clerk

### NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Larry W. Lee (SBN 228175)<br>Howard L. Magee (SBN 185199)<br>Shalom "Christine" Choo (SBN 339947)<br>**DIVERSITY LAW GROUP, P.C.**<br>515 South Figueroa Street, Suite 1250<br>Los Angeles, CA 90071<br>TELEPHONE NO.: (213) 488-6555 \| FAX NO. (213) 488-6554 \| E-MAIL ADDRESS<br>ATTORNEY FOR: Plaintiff, CURTIS WHITE on behalf of himself and all similarly aggrieved employees | Electronically Filed<br>Superior Court of California<br>County of San Joaquin<br>2022-12-02 18:11:34<br>Clerk: Taylor Hiedeman |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN | |
|---|---|
| STREET ADDRESS: 180 East Weber Avenue | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Stockton, CA 95202 | |
| BRANCH NAME: STOCKTON COURTHOUSE | |

| Plaintiff:    CURTIS WHITE on behalf of himself and all similarly aggrieved employees | CASE NUMBER: |
|---|---|
| Defendant: CORTECH WEST STAFFING, LLC; et al. | STK-CV-UOE-2022-0009807 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|
| | 2125907AS |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

 a. ☑ Summons

 b. ☑ Complaint

 c. ☑ Alternative Dispute Resolution (ADR) package

 d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*

 e. ☐ Cross-complaint

 f. ☑ other *(specify documents):* **[Blank] Case Management Statement Form; Notice of Case Assignment and Notice of Hearing**

3. a. Party served *(specify name of party as shown on documents served):*

 **CORTECH WEST STAFFING, LLC**

 b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

 **Brad Brozaitis - Agent for Service of Process**

4. Address where the party was served:  **8795 Folsom Boulevard, Suite 105**
   **Sacramento, CA 95826**

5. I served the party *(check proper box)*

 a. ☐ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*    (2) at *(time):*

 b. ☑ **by substituted service.** On *(date):* **11/17/2022**  at *(time):* **11:07 AM**  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

 **Mayra H., Recruiter**

 | Age: 30's | Weight: 160 lbs. | Hair: Brown | Sex: Female |
 |---|---|---|---|
 | Height: 5' 6" | Eyes: Brown | Race: Hispanic | |

 (1) ☑ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

 (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

 (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

 (4) ☑ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date):* **11/17/2022**  from *(city):* **LOS ANGELES**    **or** ☐ a declaration of mailing is attached.

 (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/2125907** |
|---|---|---|

| Plaintiff: | CURTIS WHITE on behalf of himself and all similarly aggrieved employees | CASE NUMBER: |
| | Case 2:22-cv-02270-WBS-AC    Document 1    Filed 12/19/22    Page 59 of 106 | STK-CV-UOE-2022-0009807 |
| Defendant: | CORTECH WEST STAFFING, LLC; et al. | |

c. ☐ **by mail and acknowledgment of receipt of service.**  I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                                    (2) from  *(city):*

(3) ☐ with two copies of the  *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of  *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of  *(specify):*  **CORTECH WEST STAFFING, LLC**

under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☑ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name:  **Rodmark Tay - Ace Attorney Service, Inc.**

b. Address:  **811 Wilshire Boulevard, Suite 900  Los Angeles, CA 90017**

c. Telephone number:  **(213) 623-3979**

d. **The fee** for service was: **$ 107.74**

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☑ registered California process server:

(i) ☐ owner  ☑ employee  ☐ independent contractor.

(ii) Registration No.: **2022-010**

(iii) County: **SACRAMENTO**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **11/18/2022**

| | |
|---|---|
| **Rodmark Tay** | ▶ *(signature)* |
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (Signature - Per CC §1633.7) |

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Larry W. Lee (SBN 228175)<br>Howard L. Magee (SBN 185199)<br>Shalom "Christine" Choo (SBN 339947)<br>**DIVERSITY LAW GROUP, P.C.**<br>515 South Figueroa Street, Suite 1250<br>Los Angeles, CA 90071<br>TELEPHONE NO.: (213) 488-6555 \| FAX NO. (213) 488-6554 \| E-MAIL ADDRESS<br>ATTORNEY FOR: Plaintiff, CURTIS WHITE on behalf of himself and all similarly aggrieved employees | Electronically Filed<br>Superior Court of California<br>County of San Joaquin<br>2022-12-02 18:11:34<br>Clerk: Taylor Hiedeman |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN | |
|---|---|
| STREET ADDRESS: 180 East Weber Avenue | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Stockton, CA 95202 | |
| BRANCH NAME: STOCKTON COURTHOUSE | |

| Plaintiff: CURTIS WHITE on behalf of himself and all similarly aggrieved employees<br><br>Defendant: CORTECH WEST STAFFING, LLC; et al. | CASE NUMBER:<br>STK-CV-UOE-2022-0009807 |
|---|---|

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>2125910AS |
|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **[Blank] Case Management Statement Form; Notice of Case Assignment and Notice of Hearing**

3. a. Party served *(specify name of party as shown on documents served):*
   **THYSSENKRUPP MATERIALS NA, INC.**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **CSC Lawyers Incorporating Service, Inc. Agent for Service of Process by serving Trudy Desbiens - Customer Service Liaison**

4. Address where the party was served: **2710 Gateway Oaks Drive, Suite 150N**
   **Sacramento, CA 95833**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **11/17/2022**   (2) at *(time):* **10:41 AM**

   b. ☐ **by substituted service.** On *(date):*   at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*   from *(city):*   **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Plaintiff: **CURTIS WHITE on behalf of himself and all similarly aggrieved employees**

Defendant: **CORTECH WEST STAFFING, LLC; et al.**

CASE NUMBER:
**STK-CV-UOE-2022-0009807**

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                  (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **THYSSENKRUPP MATERIALS NA, INC.**

    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)               ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)               ☐ 415.46 (occupant)
                                   ☐ other:

7. **Person who served papers**
    a. Name: **Rodmark Tay - Ace Attorney Service, Inc.**
    b. Address: **811 Wilshire Boulevard, Suite 900  Los Angeles, CA 90017**
    c. Telephone number: **(213) 623-3979**
    d. **The fee** for service was: **$ 92.99**
    e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
        (i) ☐ owner    ☑ employee    ☐ independent contractor.
        (ii) Registration No.: **2022-010**
        (iii) County: **SACRAMENTO**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

    Date: **11/18/2022**

               **Rodmark Tay**                   ►
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)           (Signature - Per CC §1633.7)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Larry W. Lee (SBN 228175)<br>Howard L. Magee (SBN 185199)<br>Shalom "Christine" Choo (SBN 339947)<br>**DIVERSITY LAW GROUP, P.C.**<br>515 South Figueroa Street, Suite 1250<br>Los Angeles, CA 90071<br>TELEPHONE NO.: (213) 488-6555 | FAX NO. (213) 488-6554 | E-MAIL ADDRESS<br>ATTORNEY FOR: Plaintiff, CURTIS WHITE on behalf of himself and all similarly aggrieved employees | Electronically Filed<br>Superior Court of California<br>County of San Joaquin<br>2022-12-02 18:11:34<br>Clerk: Taylor Hiedeman |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN | |
|---|---|
| STREET ADDRESS: 180 East Weber Avenue | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Stockton, CA 95202 | |
| BRANCH NAME: STOCKTON COURTHOUSE | |

| Plaintiff: CURTIS WHITE on behalf of himself and all similarly aggrieved employees<br><br>Defendant: CORTECH WEST STAFFING, LLC; et al. | CASE NUMBER:<br>STK-CV-UOE-2022-0009807 |
|---|---|

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>2125914AS |
|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **[Blank] Case Management Statement Form; Notice of Case Assignment and Notice of Hearing**

3. a. Party served *(specify name of party as shown on documents served):*
   **THYSSENKRUPP SUPPLY CHAIN SERVICES NA INC.**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **CSC Lawyers Incorporating Service, Inc. Agent for Service of Process by serving Trudy Desbiens - Customer Service Liaison**

4. Address where the party was served: **2710 Gateway Oaks Drive, Suite 150N**
   **Sacramento, CA 95833**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **11/17/2022**   (2) at *(time):* **10:41 AM**

   b. ☐ **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.
   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.
   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date):*   from *(city):*   **or** ☐ a declaration of mailing is attached.
   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/2125914** |
|---|---|---|

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:                   (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **THYSSENKRUPP SUPPLY CHAIN SERVICES NA INC.**

    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)               ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)              ☐ 415.46 (occupant)

                                 ☐ other:

7. **Person who served papers**

    a. Name: **Rodmark Tay - Ace Attorney Service, Inc.**

    b. Address: **811 Wilshire Boulevard, Suite 900  Los Angeles, CA 90017**

    c. Telephone number: **(213) 623-3979**

    d. **The fee** for service was: $ **57.25**

    e. I am:

        (1) ☐ not a registered California process server.

        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☑ registered California process server:

            (i) ☐ owner    ☑ employee      ☐ independent contractor.

            (ii) Registration No.: **2022-010**

            (iii) County: **SACRAMENTO**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

    Date: **11/18/2022**

---

**Rodmark Tay**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)    ▶    (Signature - Per CC §1633.7)

Exhibit B-1

FILED
SUPERIOR COURT

2022 DEC 19  AM 11: 54

BRANDON E. RILEY, CLERK

BY_____
DEPUTY

1   CHAD D. GREESON, Bar No. 251928
    NICHOLAS GIOIELLO, Bar No. 318418
2   LITTLER MENDELSON, P.C.
    Treat Towers, Suite 600
3   1255 Treat Blvd.
    Walnut Creek, CA  94597
4   Telephone: (925) 932-2468
    Email: cgreeson@littler.com
5        ngioiello@littler.com

6   Attorneys for Defendants
    THYSSENKRUPP SUPPLY CHAIN SERVICES NA,
7   INC. and THYSSENKRUPP MATERIALS NA, INC.

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA    Rec#  797158

9                 COUNTY OF SAN JOAQUIN                   $870

10

11  CURTIS WHITE, on behalf of himself and all        CASE NO.  STK-CV-UOE-2022-0009807
    similarly aggrieved employees,                    PUTATIVE CLASS ACTION
12
               Plaintiff,                             ASSIGNED FOR ALL PURPOSES TO
13                                                    HON. GEORGE J. ABDALLAH – DEPT. 10A
        vs.
14                                                    **ANSWER OF DEFENDANTS
    CORTECH WEST STAFFING, LLC,                       THYSSENKRUPP MATERIALS NA, INC.
15  THYSSENKRUPP MATERIALS NA, INC.,                  AND THYSENKRUPP SUPPLY CHAIN
    THYSSENKRUPP SUPPLY CHAIN SERVICES                SERVICES NA, INC.**
16  NA, Inc., TESLA, INC. dba TESLA MOTORS,
    INC., and DOES 1 through 50, inclusive,           Dept.:    10A
17                                                    Judge:    Hon. George J. Abdallah
               Defendants.
18
                                                     Complaint Filed:    October 24, 2022
19

20          Defendants THYSSENKRUPP MATERIALS NA, INC. and THYSSENKRUPP SUPPLY

21  CHAIN SERVICES NA, INC. (hereafter and together "Defendant") hereby answer the putative class

22  action complaint for damages, penalties and for injunctive relief ("Complaint") of Plaintiff Curtis

23  White ("Plaintiff") as follows:

24                              **GENERAL DENIAL**

25          Pursuant to Code of Civil Procedure section 431.30, Defendant generally and specifically

26  denies (i) each and every allegation of Plaintiff's Complaint, (ii) that Plaintiff and/or any punitive class

27  members have been damaged/injured/harmed in any way whatsoever, (iii) that Plaintiff and/or any

28  punitive class members are entitled to any relief in any amount or manner whatsoever from Defendant,

LITTLER MENDELSON P.C.
1255 Treat Blvd.
Suite 600
Walnut Creek, CA 94597
925.932.2468

CASE NO.  STK-CV-UOE-2022-0009807

ANSWER OF DEFENDANTS THYSSENKRUPP MATERIALS NA, INC. AND THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC.

FILE BY FAX

1    and (iv) that Plaintiff and/or any putative class members sustained injury, damage, detriment, harm,

2    or loss by reason of any conduct, action, error, or omission on the part of Defendant or any agent,

3    employee, or other person acting under Defendant's authority or control. This general and specific

4    denial of the Complaint is filed without prejudice to Defendant's right to file amended answers,

5    including additional defenses.

6                                    **AFFIRMATIVE DEFENSES**

7         Defendant asserts the following affirmative and other defenses, which it designates,

8    collectively, as "affirmative defenses." Defendant's designation of their defenses as "affirmative" is

9    not intended in any way to alter Plaintiff's burden of proof with regard to any element of any causes

10   of action. Defendant does not presently know all the facts concerning Plaintiff's conduct sufficient to

11   state all defenses at this time. Defendant will seek leave of this Court to amend this Answer should

12   they later discover facts demonstrating the existence of additional defenses. To the extent that any

13   defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or

14   legal theories are hereby pleaded in the alternative. Defendant also expressly denies the existence of

15   any putative class. Defendant thus expressly denies the existence of any such putative class and/or

16   group each and every time it references "Plaintiff" as fully set forth therein. All defenses asserted are

17   also asserted against some or all of the putative class members except where the claim is asserted only

18   on behalf of the named Plaintiff. Subject to and without waiving the foregoing, and without waiving

19   Plaintiff's burden to show otherwise, Defendant pleads as follows:

20                                **FIRST AFFIRMATIVE DEFENSE**

21                                    **Failure to State a Claim**

22        1.    The Complaint, and each and every cause of action alleged therein, fails, in whole or

23   in part, to state facts sufficient to constitute a cause of action upon which relief may be granted.

24                               **SECOND AFFIRMATIVE DEFENSE**

25                                    **Statute of Limitations**

26        2.    The Complaint, and each and every cause of action alleged therein, is barred, in whole

27   or in part, by the applicable statute(s) of limitations, including, but not limited to, Code of Civil

28   Procedure sections 338(a), 340 and 343, Labor Code section 203 and 2699, California Business &

LITTLER MENDELSON P.C.
1255 Treat Blvd.
Suite 600
Walnut Creek, CA 94597
925.932.2468

2.                          CASE NO. STK-CV-UOE-2022-0009807

ANSWER OF DEFENDANTS THYSSENKRUPP MATERIALS NA, INC. AND THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC.

1 | Professions Code section 17208. 17208.

2 | ## THIRD AFFIRMATIVE DEFENSE

3 | ### *Res Judicata* and Collateral Estoppel

4 |     3.    The Complaint, and each and every cause of action alleged therein, is barred by the

5 | doctrines of collateral estoppel and/or res judicata to the extent that Plaintiff and/or some or all of the

6 | putative class members have litigated issues raised by the Complaint prior to adjudication of those

7 | issues in the instant action.

8 | ## FOURTH AFFIRMATIVE DEFENSE

9 | ### Arbitration – Exclusive Remedy

10 |     4.    The Complaint, and each and every cause of action alleged therein, fails, in whole or

11 | in part, to the extent Plaintiff and/or some or all of the putative class contracted to submit all claims

12 | against Defendant to binding arbitration, and, therefore, their exclusive remedy is through final and

13 | binding arbitration.

14 | ## FIFTH AFFIRMATIVE DEFENSE

15 | ### Arbitration – Exclusive Remedy

16 |     5.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or

17 | some or all of the putative class he seeks to represent are bound by an arbitration agreement under the

18 | Federal Arbitration Act (FAA) with a class, collective and representative action waiver requiring that

19 | the claims alleged in Plaintiff's complaint be resolved through individual arbitration and not via a class

20 | or representative action to the maximum extent permitted by law. *Viking River Cruises, Inc. v.*

21 | *Moriana*, 142 S.Ct. 1906, (2022); *Mandviwala v. Five Star Quality Care, Inc.*, 723 Fed. Appx. 415,

22 | 417-18 (9th Cir. 2018).

23 | ## SIXTH AFFIRMATIVE DEFENSE

24 | ### Settlement, Payment, or Prior Release

25 |     6.    The Complaint, and each and every cause of action alleged therein, is barred in whole

26 | or in part by the defense of settlement or payment and to the extent that Plaintiff and/or some or all of

27 | the putative class members have released Defendant from any liability as alleged in the Complaint.

28 | ///

LITTLER MENDELSON P.C.
1255 Treat Blvd.
Suite 600
Walnut Creek, CA 94597
925.932.2468

3.    CASE NO.  STK-CV-UOE-2022-0009807

ANSWER OF DEFENDANTS THYSSENKRUPP MATERIALS NA, INC. AND THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC.

1

**SEVENTH AFFIRMATIVE DEFENSE**

2

**Defendant Not the Employer**

3   7.    The Complaint, and each and every cause of action alleged therein, is barred, in whole

4   or in part, because Plaintiff and/or some or all of the putative class members were not employed by

5   Defendant.

6

**EIGHTH AFFIRMATIVE DEFENSE**

7

**Avoidable Consequences – Failure to Mitigate**

8   8.    The Complaint, and each and every cause of action alleged therein, is barred, in whole

9   or in part, by the doctrine of avoidable consequences because Plaintiff and/or some or all of the

10  putative class members could have taken reasonable steps to avoid or mitigate the damages claimed,

11  such as by reporting any unpaid work time and/or unpaid wages and/or timely reporting any inability

12  to take a rest break. Their failure bars and/or diminishes any recovery against Defendant.

13

**NINTH AFFIRMATIVE DEFENSE**

14

**Secretive Work**

15  9.    The Complaint, and each and every cause of action alleged therein, is barred, in whole

16  or in part, because the work of Plaintiff and/or some or all of the putative class members was voluntary

17  in nature and performed without Defendant's knowledge or authorization, they deliberately prevented

18  Defendant from acquiring knowledge of the hours worked, and/or Defendant was otherwise unaware

19  of the hours they worked.

20

**TENTH AFFIRMATIVE DEFENSE**

21

**No Hours Worked**

22  10.    The Complaint, and each and every cause of action alleged therein, is barred, in whole

23  or in part, because the time alleged by Plaintiff and/or some or all of the putative class members does

24  not constitute "hours worked" within the meaning of state law.

25

**ELEVENTH AFFIRMATIVE DEFENSE**

26

***De Minimis***

27  11.    The Complaint, and each and every cause of action alleged therein, is barred, in whole

28  or in part, because any work of Plaintiff and/or some or all of the putative class members beyond their

LITTLER MENDELSON P.C
1255 Treat Blvd.
Suite 600
Walnut Creek, CA 94597
925.932.2468

4.          CASE NO.  STK-CV-UOE-2022-0009807

ANSWER OF DEFENDANTS THYSSENKRUPP MATERIALS NA, INC. AND THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC.

1   compensated workday or workweek was *de minimis*.

## TWELFTH AFFIRMATIVE DEFENSE

### Accord and Satisfaction/Full Performance

12.   The Complaint, and each and every cause of action alleged therein, fails because Plaintiff and/or some or all of the putative class members have been fully paid all amounts legally owed by Defendant, and by accepting the payments made to them, they have effectuated an accord and satisfaction of their claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

### No Irreparable Harm

13.   The Complaint, and each and every cause of action therein, is barred in whole or in part, as Plaintiff and/or some or all of the putative class members have not suffered and will not suffer irreparable harm because of any of the alleged conduct of Defendant, and on that basis, there is no entitlement to injunctive or other relief.

## FOURTEENTH AFFIRMATIVE DEFENSE

### No Standing for Injunctive Relief

14.   Defendant alleges that Plaintiff, who is not an employee of Defendant, lacks standing to pursue any claims for injunctive or declaratory relief on his behalf or on behalf of the putative class members against Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Laches, Estoppel, Unclean Hands, Consent, Waiver, Release, and/or Unjust Enrichment

15.   The Complaint, and each and every cause of action therein, is barred in whole or in part by the doctrine(s) of laches, estoppel, unclean hands, consent, waiver, release, and/or unjust enrichment.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Liquidated Damages, Costs, or Attorneys' Fees

16.   The Complaint, and each and every cause of action alleged therein, fails to state a claim for an award of liquidated damages, costs, or attorneys' fees under California Labor Code sections 218.5, 226, 1194, 1194.2(a), and 2698 *et seq.*; Code of Civil Procedure section 1021.5; California

LITTLER MENDELSON P.C.
1255 Treat Blvd.
Suite 600
Walnut Creek, CA 94597
925.932.2468

Business and Professions Code section 17200 *et seq.*; or any other basis.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### Exhaustion

17. Plaintiff and the putative class members failed to properly exhaust all of the applicable contractual, administrative, and/or statutorily required remedies prior to filing this action, and that such failure bars this suit in whole or in part.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### Damages or Loss Proximately Cause by Plaintiff and/or Putative Class Members

18. Defendant alleges that any damage or loss sustained by Plaintiff and the putative class members was proximately caused by their own actions or inactions.

### NINETEENTH AFFIRMATIVE DEFENSE

#### Double Recovery

19. Defendant alleges that, to the extent multiple penalties are sought for the same alleged violations, such claims are barred by the prohibition on double recovery and would violate Defendant's due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California.

### TWENTIETH AFFIRMATIVE DEFENSE

#### Excessive Fines

20. Defendant alleges that any claims of Plaintiff and the putative class members seeking penalties or exemplary damages are barred, in whole or in part, because the imposition of such damages in this case would violate the due process and excessive fines clauses in violation of the Eighth and Fourteenth Amendments of the United States Constitution and Article 1, sections 7 and 8 of the California Constitution, including the prohibition against excessive fines and punishment. *See Timbs v. Indiana*, 139 S.Ct. 682, 2019 WL 691578 (U.S. Feb. 20, 2019) (Excessive Fines Clause of the Eighth Amendment prohibits the government from imposing "excessive fines" as punishment); *United States v. Mackby*, 261 F.3d 821, 830 (9th Cir. 2001) (civil sanctions under False Claims Act should be analyzed under "the Excessive Fines Clause because the sanctions represent a payment to the government, at least in part, as punishment."); *City & Cty. of San Francisco v. Sainez*, 77 Cal.

LITTLER MENDELSON P.C.
1255 Treat Blvd.
Suite 600
Walnut Creek, CA 94597
925.932.2468

6.    CASE NO. STK-CV-UOE-2022-0009807

ANSWER OF DEFENDANTS THYSSENKRUPP MATERIALS NA, INC. AND THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC.

1   App. 4th 1302, 1321 (2000) (applying the prohibition of excessive fines to penalties imposed under

2   California's Building Code: "The law is settled that a civil penalty such as the one here, by virtue of

3   its partially punitive purpose, is a fine for purposes of the constitutional protection.")

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**Abstention**

6       21.    Defendant alleges that the Complaint cannot be maintained against them to the extent

7   Plaintiff and the putative class members secreted or absented themselves to avoid payment of wages,

8   thereby relieving Defendant of any liability for penalties predicated on Labor Code sections 203 and/or

9   210.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**Breach of Duties**

12      22.    Defendant is informed and believes that a reasonable opportunity for investigation and

13   discovery will reveal, and on that basis allege, that the Complaint, and each purported cause of action

14   therein, are barred by breaches of duties that Plaintiff and/or the putative class members owed to

15   Defendant under Labor Code sections 2853, 2854, 2856, 2857, 2858 and 2859.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**Substantial Compliance**

18      23.    Defendant alleges that even assuming arguendo, Defendant failed to comply with any

19   provision of the Labor Code, Defendant's substantial compliance renders an award of civil penalties

20   inappropriate under the circumstances, including civil penalties pursuant to the Wage Order and Labor

21   Code. For the same reason, should the Court find that a violation of the Labor Code occurred, and

22   such violation gives rise to potential penalties, the Court must exercise its discretion and significantly

23   discount or eliminate any potential penalties owed by Defendant due to its good faith efforts to comply

24   with the Labor Code and/or substantial compliance with the Labor Code.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**Meal Periods – Provided**

27      24.    Any meal period claims are barred, in whole or in part, because Plaintiff and/or the

28   putative class/collective members were provided with all meal periods required by statute, Wage Order

LITTLER MENDELSON P.C.
1255 Treat Blvd.
Suite 600
Walnut Creek, CA 94597
925.932.2468

7.     CASE NO. STK-CV-UOE-2022-0009807

ANSWER OF DEFENDANTS THYSSENKRUPP MATERIALS NA, INC. AND THYSENKRUPP SUPPLY CHAIN SERVICES NA, INC.

1  or administrative regulation.

2  ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

3  ### Meal Periods – Not Prevented

4  25.    Any meal period claims are barred, in whole or in part, because Defendant did not

5  prevent Plaintiff and/or the putative class/collective members from taking such meal periods.

6  ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

7  ### Meal Periods – On Duty Meal Period Agreement

8  26.    Any meal period claims fail, in whole or in part, because the positions of Plaintiff

9  and/or the putative class/collective members required that they remain on duty during meal periods,

10  and they each executed a valid on-duty meal period agreement.

11  ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

12  ### Meal Periods – Waiver

13  27.    Any meal period claims fail, in whole or in part, because Plaintiff and/or some or all of

14  the putative class/collective members agreed to waive any meal periods for shifts longer than five

15  hours but less than six hours in length and/or greater than ten hours but less than twelve hours in length

16  (and in the event the first meal period was not waived).

17  ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

18  ### Meal Periods – Voluntary Waiver

19  28.    Civil penalties pursuant Labor Code section 558 predicated on Labor Code sections

20  226.7 and 512 are inappropriate because, to the extent, if any, that Plaintiff and/or some or all of the

21  putative class/collective members did not take their meal periods, it was because they: (1) voluntarily

22  elected not to take meal periods that were provided to them by Defendants in compliance with

23  California law; or (2) waived their right to meal periods.

24  ### TWENTY-NINTH AFFIRMATIVE DEFENSE

25  ### Meal Periods – Exempt From Requirements

26  29.    Plaintiff and/or the putative class/collective members are not entitled to payment of

27  overtime wages and/or payment for failure to take meal and rest periods to the extent Plaintiff was

28  exempt under the administrative, executive, managerial exemptions arising under the California Labor

LITTLER MENDELSON P.C.
1255 Treat Blvd.
Suite 600
Walnut Creek, CA 94597
925.932.2468

8.    CASE NO.  STK-CV-UOE-2022-0009807

ANSWER OF DEFENDANTS THYSSENKRUPP MATERIALS NA, INC. AND THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC.

1   Code, including California Labor Code sections 226.7(e), 515, applicable Wage Orders, including but
2   not limited to Wage Orders 4 and/or 5, and applicable regulations, considering appropriate tacking of
3   exemptions. *See also Brinker Restaurant Corp. v. Superior Court* (San Diego), 53 Cal. 4th 1004
4   (2012).

5                    **THIRTIETH AFFIRMATIVE DEFENSE**
6              **Meal Periods – Failure To Follow Instruction**

7        30.    Civil penalties pursuant Labor Code section 558 predicated on Labor Code sections
8   226.7 and 512 are inappropriate because, to the extent, if any, that Plaintiff and/or some or all of the
9   putative class/collective members did not take meal periods or rest breaks, it was the result of their
10  failure to follow Defendant's reasonable instructions.

11                  **THIRTY-FIRST AFFIRMATIVE DEFENSE**
12             **Rest Breaks – Failure to Follow Instructions**

13       31.    Civil penalties pursuant to Labor Code section 558 predicated on Labor Code sections
14  226.7 and 512 are inappropriate because, to the extent, if any, that Plaintiff and/or some or all of the
15  putative class members did not take meal periods or rest breaks, it was the result of their failure to
16  follow Defendant's reasonable instructions.

17                 **THIRTY-SECOND AFFIRMATIVE DEFENSE**
18                     **Rest Breaks – Provided**

19       32.    Any rest period claims fail, in whole or in part, because Plaintiff and the putative class
20  members were provided with and/or authorized and permitted to take all legally required rest breaks.

21                  **THIRTY-THIRD AFFIRMATIVE DEFENSE**
22               **Rest Breaks – Voluntarily Skipped**

23       33.    Any rest period claims fail, in whole or in part, because Plaintiff and the putative class
24  members voluntarily skipped, shortened, or waived rest breaks.

25                 **THIRTY-FOURTH AFFIRMATIVE DEFENSE**
26          **Cal. Lab. Code § 1197 – Minimum Wages – Compliance**

27       34.    The claims of Plaintiff and the putative class members for unpaid minimum wages are
28  barred, either in whole or in part, because Defendant at all times paid them at minimum wage or above.

LITTLER MENDELSON P.C
1255 Treat Blvd.
Suite 600
Walnut Creek, CA 94597
925.932.2468

9.          CASE NO. STK-CV-UOE-2022-0009807
ANSWER OF DEFENDANTS THYSSENKRUPP MATERIALS NA, INC. AND THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC.

1

## THRITY-FIFTH AFFIRMATIVE DEFENSE

2

### Cal. Lab. Code § 510 – Overtime Wages – Compliance

3    35.    The claims of Plaintiff and the putative class members for unpaid overtime are barred,

4    in whole or in part, because Defendant paid them overtime in compliance with California law.

5

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

6

### Waiting Time Penalties – Good Faith Dispute

7    36.    Any claims for penalties pursuant to Labor Code section 203 are barred, in whole or in

8    part, because a good faith dispute exists over whether any wages are owed to Plaintiff and/or the

9    putative class members.

10

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

11

### Waiting Time Penalties – Not Willful

12    37.    Any claims for penalties pursuant to Labor Code section 203 are barred, in whole or in

13    part, because any failure to pay waiting time penalties was not intentional or willful.

14

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

15

### Waiting Time Penalties – Not Wages

16    38.    Any claims for penalties pursuant to Labor Code section 203 are barred, in whole or in

17    part, because the compensation/premiums sought do not constitute wages.

18

## THIRTY-NINTH AFFIRMATIVE DEFENSE

19

### Waiting Time Penalties – No Penalties After Action Filed

20    39.    Any claims for penalties pursuant to Labor Code section 203 are barred, in whole or in

21    part, by the statute of limitations, as any claim stopped accruing upon the filing of the Complaint.

22

## FORTIETH AFFIRMATIVE DEFENSE

23

### Wage Statements – Not Knowing and Intentional

24    40.    Any claims for penalties pursuant to Labor Code section 226 are barred, in whole or in

25    part, because Plaintiff and the putative class members were not "injured" thereby and/or because

26    Defendant's alleged failure to comply with California Labor Code section 226(a) was not a "knowing

27    and intentional failure" under California Labor Code § 226(e).

28

10.    CASE NO. STK-CV-UOE-2022-0009807

1    **FORTY-FIRST AFFIRMATIVE DEFENSE**

2    **Wage Statements – Substantial Compliance**

3    41.    Any claims for penalties pursuant to Labor Code section 226 are barred, in whole or in

4    part, because Defendant substantially complied with all applicable laws, statutes, regulations, and

5    applicable Wage Orders.

6    **FORTY-SECOND AFFIRMATIVE DEFENSE**

7    **Wage Statements – Lack of Injury**

8    42.    Plaintiff and/or the putative class members sustained no injury from any alleged failure

9    by Defendant to comply with Labor Code section 226.

10    **FORTY-THIRD AFFIRMATIVE DEFENSE**

11    **Timing of Wage Payments**

12    43.    Any claims for penalties, including, but not limited to penalties predicated on Labor

13    Code sections 201-204, are barred, in whole or in part, because (1) there are bona fide disputes as to

14    whether Defendant failed to timely pay all wages due, (2) Defendant has not willfully failed to pay

15    such compensation, if any is owed, and/or (3) to impose penalties in this case would be inequitable

16    and unjust.

17    **FORTY-FOURTH AFFIRMATIVE DEFENSE**

18    **Lack of Manageability**

19    44.    The Complaint, and each and every cause of action alleged therein, or some of them,

20    cannot proceed as a class action because of difficulties likely to be encountered that render the action

21    unmanageable.

22    **FORTY-FIFTH AFFIRMATIVE DEFENSE**

23    **Violation of Due Process**

24    45.    Certification of a class, as applied to the facts and circumstances of this case, would

25    constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of

26    the Fourteenth Amendment to the United States Constitution and the California Constitution.

27    ///

28    ///

LITTLER MENDELSON P.C.
1255 Treat Blvd.
Suite 600
Walnut Creek, CA 94597
925.932.2468

11.    CASE NO. STK-CV-UOE-2022-0009807

ANSWER OF DEFENDANTS THYSSENKRUPP MATERIALS NA, INC. AND THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC.

1

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

2

### No Damages

3    46.    This case cannot be tried on a representative basis or with the use of statistical sampling

4    consistent with due process because the use of representative evidence or statistical sampling would

5    result in damages being awarded to those who have suffered no injury and have no legal right to

6    damages.

7

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

8

### Pre-Judgment Interest Uncertain

9    47.    As a separate and distinct affirmative defense, Defendant alleges, without conceding

10    that any penalties are due, that Plaintiff and/or the putative class members are not entitled to

11    prejudgment interest because their claims do not qualify for such interest as the penalties claimed are

12    not sufficiently certain to allow an award of prejudgment interest.

13

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

14

### Claims Discharged

15    48.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint,

16    and each cause of action set forth therein, or some of them, are barred because all or a portion of the

17    wages, premium pay, interest, attorneys' fees, penalties and/or other relief sought by Plaintiff on his

18    own behalf and/or on behalf of the putative class members were or will be before the conclusion of

19    this action, paid or collected, and therefore, Plaintiff's, the putative class members' claims have been

20    partially or completely discharged.

21

## FIFTY-NINTH AFFIRMATIVE DEFENSE

22

### Additional Defenses

23    49.    Defendant hereby reserves the right to assert any affirmative or additional defenses it

24    discovers during the course of this litigation and prays that the Court afford it leave to amend its

25    Answer and upon a timely motion requesting the ability to do the same.

26    ///

27    ///

28    ///

12.        CASE NO. STK-CV-UOE-2022-0009807

ANSWER OF DEFENDANTS THYSSENKRUPP MATERIALS NA, INC. AND THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC.

1

## PRAYER FOR RELIEF

2      **WHEREFORE,** Defendant prays as follows:

3      1.      Plaintiff's Complaint be dismissed in its entirety with prejudice;

4      2.      The putative classes that Plaintiff seeks to represent not be certified;

5      3.      Plaintiff and/or the putative class members take nothing by way of this action;

6      3.      Judgment be entered in Defendant's favor;

7      4.      Defendant be awarded their costs of suit and attorneys' fees incurred herein; and

8      5.      Defendant be awarded further relief as the Court deems just and proper.

9

10     DATED: December 16, 2022                    LITTLER MENDELSON, P.C.

11                                                 _Chad D. Greeson_

12                                                 CHAD D. GREESON
                                                   NICHOLAS GIOIELLO
13                                                 LITTLER MENDELSON P.C.
                                                   Attorneys for Defendants
14                                                 THYSSENKRUPP SUPPLY CHAIN
                                                   SERVICES NA, INC. and THYSSENKRUPP
15                                                 MATERIALS NA, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
1255 Treat Blvd.
Suite 600
Walnut Creek, CA 94597
925.932.2468

13.        CASE NO. STK-CV-UOE-2022-0009807

ANSWER OF DEFENDANTS THYSSENKRUPP MATERIALS NA, INC. AND THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC.

1

## PROOF OF SERVICE

2      I, the undersigned, state:

3      I am employed in the City and County of Contra Costa, State of California. I am over

4  the age of 18 years, and not a party to the within action. My business address is LITTLER

5  MENDELSON, P.C., Treat Towers, 1255 Treat Boulevard, Suite 600, Walnut Creek, CA 94597. My

6  email address is gcamacho@littler.com.

7      On December 16, 2022, I served the foregoing document(s) described as:

8  **ANSWER OF DEFENDANTS THYSSENKRUPP MATERIALS NA, INC. AND**
   **THYSENKRUPP SUPPLY CHAIN SERVICES NA, INC.**
9

10  on the interested parties addressed as follows:

11  Larry W. Lee, Esq.                          *Co-Counsel for Plaintiff, CURTIS WHITE*
    Howard L. Magee, Esq.
12  Christine Choo, Esq.                        Telephone: (213) 488-6555
    DIVERSITY LAW GROUP, P.C.                   Email: lwlee@diversitylaw.com
13  515 S. Figueroa Street, Suite 1250          christine@diversitylaw.com
    Los Angeles, CA 90071                       hmagee@diversitylaw.com
14

15  B. James Fitzpatrick, Esq.                  *Co-Counsel for Plaintiff, CURTIS WHITE*
    Laura L. Franklin, Esq.
16  FITZPATRICK & SWANSTON                      Telephone: (831) 755-1311
    555 S. Main Street                          Email:
16  Salinas, CA 93901                           bjfitzpatrick@fandslegal.com;
17                                              lfranklin@fandslegal.com
                                                josie@fandslegal.com
18

19  Kiran S. Lopez, Esq.                        *Attorneys for Defendant, TESLA, INC.*
    TESLA, INC.
20  901 Page Avenue                             Telephone: (510) 239-1413
    Fremont, CA 94538                           Email:
21                                              kirlopez@tesla.com

22  Tina M. Jacquez, Esq.                       *Attorneys for Defendant CORTECH WEST*
    SOLTMAN, LEVITT, FLAHERTY &                 *STAFFING, LLC*
23  WATTLES LLP
    90 E. Thousand Oaks Blvd., Suite 300        Tel: (805) 497-7706 ext. 140
24  Thousand Oaks, CA 91360                     Email:
                                                tjacquez@slfesq.com
25

26  ☐      **VIA OVERNIGHT DELIVERY**: I enclosed the documents in an envelope or
           package provided by an overnight delivery carrier and addressed to the person(s) at
27         the address(es) listed above. I placed the envelope or package for collection and
           overnight delivery at an office or a regularly utilized drop box of the overnight
28         delivery carrier.

14.      CASE NO. STK-CV-UOE-2022-0009807

ANSWER OF DEFENDANTS THYSSENKRUPP MATERIALS NA, INC. AND THYSENKRUPP SUPPLY CHAIN SERVICES NA, INC.

☐ **VIA U.S. MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with Littler Mendelson, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **VIA FAX TRANSMISSION:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used.

☐ **VIA ELECTRONIC MAIL:** I caused said document(s) to be served via electronic transmission via the below listed email addresses on the date above. (Cal. Code Civ. Proc. § 1010.6(6)) as follows:

Email: lwlee@diversitylaw.com
christine@diversitylaw.com
hmagee@diversitylaw.com
bjfitzpatrick@fandslegal.com;
lfranklin@fandslegal.com
kirlopez@tesla.com
tjacquez@slfesq.com
olympia@diversitylaw.com
josie@fandslegal.com
calendar@diversitylaw.com
josie@fandslegal.com

☐ **VIA MESSENGER SERVICE:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

**DECLARATION OF MESSENGER:** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed above. For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening; for a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening. At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding. I served the envelope or package, as stated above on December 16, 2022. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: _____    _____

Signature of Declarant/Messenger

LITTLER MENDELSON P.C.
1255 Treat Blvd.
Suite 600
Walnut Creek, CA 94597
925.932.2468

15.    CASE NO. STK-CV-UOE-2022-0009807
ANSWER OF DEFENDANTS THYSSENKRUPP MATERIALS NA, INC. AND THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC.

1    I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.

3        Executed on December 16, 2022, at Walnut Creek, California.

4

5

6

7    Gina Camacho

8

9

10   4870-9945-1716.1 / 078056-1141

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
1255 Treat Blvd.
Suite 600
Walnut Creek, CA 94597
925.932.2468

16.    CASE NO.  STK-CV-UOE-2022-0009807
ANSWER OF DEFENDANTS THYSSENKRUPP MATERIALS NA, INC. AND THYSSENKRUPP SUPPLY CHAIN SERVICES NA, INC.

Exhibit B-2

SOLTMAN, LEVITT, FLAHERTY & WATTLES LLP          [SPACE BELOW FOR FILING STAMP ONLY]
90 E. Thousand Oaks Blvd., Suite 300
Thousand Oaks, Ca. 91360
Telephone: (805) 497-7706
Facsimile: (805) 497-1147

KEVIN S. WATTLES, ESQ. (SBN 170274)
TINA M. JACQUEZ, ESQ. (SBN 218370)
Attorneys for Defendant
CORTECH WEST STAFFING  LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN JOAQUIN

| | |
|---|---|
| CURTIS WHITE on behalf of himself and all similarly aggrieved employees,<br><br>                    Plaintiff,<br><br>v.<br><br>CORTECH WEST STAFFING, LLC; THYSSENKRUPP MATERIALS NA, INC.; THYSSENKRUPP SUPPLY CHAIN SERVICES NA INC.; TESLA, INC. dba TESLA MOTORS, INC., and DOES 1 through 50, inclusive,<br><br>                    Defendants. | CASE NO: STK-CV-UOE-2022-0009807<br><br>Complaint Filed: October 24, 2022<br><br>Assigned to the Hon. George J. Abdallah, Dept. 10A<br><br>**ANSWER OF DEFENDANT, CORTECH WEST STAFFING LLC** |

Defendant, CORTECH WEST STAFFING LLC (at times referred to herein as "Defendant") for itself alone, and for no other parties, and admits, denies and alleges in response to the Complaint (hereinafter "Complaint") as follows:

## GENERAL DENIAL

Pursuant to California *Code of Civil Procedure* Section 431.30(3), Defendant generally denies all the allegations of said Complaint and specifically denies that it is liable to Plaintiff in the sum or sums alleged, or in any other amount or regard whatsoever.

///

**ANSWER OF DEFENDANT, CORTECH WEST STAFFING LLC**
H:\P21-2046\Pleadings\Answer.class.wpd

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

## (FAILURE TO STATE A CAUSE OF ACTION)

Defendant alleges that neither the Complaint nor any purported cause of action alleged therein state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

## (STATUTE OF LIMITATIONS)

Defendant alleges that Plaintiff's claims, and those of the putative class, are barred, in whole or in part, to the extent the events complained of took place more than one year, three (3) years, or ( 4) four years prior to the filing of the Complaint, and thus Plaintiff and the putative class members' claims are barred by Code of Civil Procedure sections 338 and 340; Business and Professions Code section 17200, et seq.; and Labor Code section 203 respectively.

## THIRD AFFIRMATIVE DEFENSE

## (INADEQUATE CLASS REPRESENTATIVE)

Defendant alleges that Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, because Plaintiff is an inadequate class representative to the claims asserted.

## FOURTH AFFIRMATIVE DEFENSE

## (UNCERTIFIABLE PUTATIVE CLASS)

Defendant alleges that Plaintiff's claims, and those of the putative class members, are barred because Defendant has not engaged in actions of the kind alleged that are generally applicable to the putative class members, and as such, this action is not properly maintainable and/or does not qualify for certification under the requirements for a class action.

## FIFTH AFFIRMATIVE DEFENSE

## (NO COMMON QUESTION OF LAW OR FACT)

Defendant alleges that questions of law and fact common to the putative class members do not predominate over questions affecting individual members of the proposed class. Therefore, this action is not appropriate for certification as a class action.

///

## SIXTH AFFIRMATIVE DEFENSE

## (NO TYPICALITY)

Defendant alleges that Plaintiff's claims, and those of the putative class members, are barred, in whole or in part, because Plaintiff cannot establish that her claims are typical of those of the class and therefore the Complaint cannot proceed as a class action.

## SEVENTH AFFIRMATIVE DEFENSE

## (NO NUMEROSITY)

Defendant alleges that Plaintiff's claims, and those of the putative class members, are barred in whole or in part, because Plaintiff cannot establish that members of the class are so numerous that joinder is impracticable.

## EIGHTH AFFIRMATIVE DEFENSE

## (NO COMMUNITY OF INTEREST)

Defendant alleges that the class allegations in the Complaint are improper as a matter of law because there is no community of interest in the claims asserted by Plaintiff and those of the putative class members.

## NINTH AFFIRMATIVE DEFENSE

## (ACTIONS ADVERSE TO CLASS MEMBERS)

Defendant alleges that Plaintiff's claims are barred and/or reduced by virtue of Plaintiff and her attorneys having taken actions adverse and inimical to the interests of the putative class members, and for their own benefit, and by purporting to act when Plaintiff has and had an irreconcilable conflict of interest with the putative class members, rendering any judgment, award or settlement void or voidable.

## TENTH AFFIRMATIVE DEFENSE

## (NO WILLFUL CONDUCT)

Defendant alleges that even if Defendant engaged in the conduct alleged by Plaintiff, which allegations Defendant denies, such actions or failure to act were not willful or intentional.

## ELEVENTH AFFIRMATIVE DEFENSE

## (ADEQUATE REMEDY AT LAW)

Defendant alleges that the Complaint fails to state facts sufficient to support any granting of extraordinary or equitable relief, and otherwise has adequate remedies at law.

---

**ANSWER OF DEFENDANT, CORTECH WEST STAFFING LLC**

## TWELFTH AFFIRMATIVE DEFENSE

### (LACK OF STANDING)

Defendant alleges that Plaintiff lacks standing to assert some or all of the claims alleged in the Complaint either individually or as a class action.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (NO WAGES OWED)

Defendant alleges that Plaintiff's claims for unpaid overtime wages, and those of the putative class, are barred because Defendant timely paid all wages owed to them.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (MEAL PERIOD LAW)

Defendant alleges that, pursuant to the applicable Wage Order, Defendant "provided" Plaintiff and the putative class members with proper meal periods.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (REST PERIOD LAW)

Defendant alleges that, pursuant to the applicable Wage Order, Defendant "authorized and permitted" Plaintiff and the putative class members to take rest periods.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (NO WAITING TIME PENALTIES)

Defendant alleges that Plaintiff's claims for "waiting time penalties" under Labor Code sections 201 and 202 for untimely payment of wages, and those of the putative class, are barred because Defendant did not intentionally or willfully withhold payment of wages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (LABOR CODE SECTION 226)

Defendant alleges that Plaintiff, and the putative class, did not suffer an actual injury and therefore cannot recover damages or statutory penalties under Labor Code section 226.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (PENALTIES)

Defendant alleges that the Complaint fails to alleges facts sufficient to establish a claim for penalties.

## NINETEENTH AFFIRMATIVE DEFENSE

## (ATTORNEYS' FEES)

Defendant alleges that the Complaint fails to alleges facts sufficient to establish a claim for attorneys' fees.

## TWENTIETH AFFIRMATIVE DEFENSE

## (PLAINTIFF DID NOT SUSTAIN ANY DAMAGES)

Defendant alleges that Plaintiff's claim, and those of the putative class, for prejudgment interest is barred because Plaintiff sustained no damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

## (DISHONEST CONDUCT)

Plaintiff, and the putative class, are barred from the recovery sought in the Complaint based upon their dishonest and/or fraudulent conduct.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

## (AVOIDABLE CONSEQUENCES)

Defendant alleges that Plaintiff and putative class members are precluded from asserting the Complaint, and each purported cause of action therein, because they failed to exercise reasonable care to avoid the injuries they purportedly suffered in that, among other things, Plaintiff and putative class members unreasonably failed to utilize Defendant' internal complaint procedures.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

## (ESTOPPEL)

Defendant alleges that Plaintiff, and the putative class, by virtue of their own inequitable conduct, are estopped from recovery on the Complaint and each claim for relief therein.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

## (CONSENT)

Defendant alleges that Plaintiff, and the putative class, at all relevant times, gave consent, express or implied, to the alleged acts, omissions and conduct of Defendant.

///

1    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2    **(CONDUCT NOT KNOWN OR AUTHORIZED)**

3        Any unlawful or other wrongful acts attributed to any person(s) employed by Defendant were outside

4    the course and scope of the employment of the employee, and were not authorized, ratified, or condoned by

5    Defendant, nor did Defendant know or have reason to be aware of such alleged conduct.

6    **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

7    **(UNCONSTITUTIONALITY OF PENALTIES DAMAGES)**

8        Although Defendant denies that it has committed or had responsibility for any act that could support

9    Plaintiff's recovery of penalties in this lawsuit, if and to the extent any such act or responsibility is found,

10    recovery of penalties against Defendant is unconstitutional under numerous provisions of the U.S. Constitution,

11    including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth and

12    Fourteenth Amendments, and other provisions of the U.S. Constitution; and under numerous provisions of

13    Article 1 of the California Constitution, including the excessive fines clause of Section 17, the due process

14    clause of Section 7, and other provisions of the California Constitution.

15    **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

16    **(WAIVER)**

17        Defendant is informed and believes, and based on such information and belief alleges, that based on

18    their own conduct, Plaintiff and the putative class have waived any right to recover any relief by the Complaint,

19    or any purported cause of action or claim for relief alleged therein.

20    **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

21    **(MANAGEABILITY)**

22        Defendant alleges that no trial plan exists whereby Plaintiff's claims could be managed and decided

23    upon as class claims at trial.

24    **TWENTY-NINTH AFFIRMATIVE DEFENSE**

25    **(LACHES AND/OR UNCLEAN HANDS)**

26        Plaintiff's claims, and those of the putative class, are barred by the doctrine of laches and/or unclean

27    hands by reason of Plaintiff's own actions and course of conduct.

28    ///

### THIRTIETH AFFIRMATIVE DEFENSE

### (UNPAID BUSINESS EXPENSES)

Defendant alleges that Plaintiff's claims, and those of the putative class, for unpaid reimbursement of business expenses are barred because Defendant timely paid all reimbursements owed.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (UNPAID MINIMUM WAGES)

Defendant alleges that Plaintiff's claims for unpaid minimum wages to Plaintiff, and those of the putative class, are barred, because Defendant paid minimum wages in accordance with applicable state or local law at all times.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (BUSINESS AND PROFESSIONS CODE SECTION 17200)

Damages are not recoverable under *Business & Professions Code* Section 17200.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (UNPAID OVERTIME WAGES)

Defendant alleges that Plaintiff's claims for unpaid overtime wages to Plaintiff, and those of the putative class, are barred, because Defendant paid overtime wages in accordance with applicable state or local law at all times.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (COMPLIANCE WITH IWC WAGE ORDER)

Defendant complied with the applicable IWC Wage order provisions.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (GOOD FAITH AND CONDUCT OF DEFENDANT)

Any actions and/or conduct by Defendant, which is alleged to be the cause of any or all of Plaintiff's damages, and those of the putative class, if any, were undertaken by such Defendant in the good faith belief in the validity and legality thereof and in good faith of such Defendant in connection with its operations based upon all relevant facts and circumstances known by it at the time it acted.

///

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (FULL PAYMENT OF AMOUNTS DUE)

Plaintiff, and the putative class, are barred from seeking recovery for damages for wages owed, back pay, front pay, earned but unpaid vacation pay and any and all other forms of pay in that Defendant, to the extent applicable, have paid all monies owed as required by California and United States law.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (NO ASCERTAINABLE GROUP)

Defendant alleges that Plaintiff's claims are barred due to the lack of an ascertainable representative group.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (GOOD FAITH DISPUTE)

There exists a bona fide dispute as to whether any further compensation is actually due to Plaintiff, and the putative class, and if so, the amount thereof.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (BREACH OF DUTY)

Defendant alleges that Plaintiff's claims, and the individuals on whose behalf Plaintiff seeks relief, are barred by their own breaches of duty owed to Defendant including but not limited to, those set forth in California Labor Code section 2856.

### FORTIETH AFFIRMATIVE DEFENSE

### (ARBITRATION)

There exists a valid and binding Arbitration Agreement signed by Plaintiff.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (ADVANTAGE OF OWN WRONG)

That Plaintiff's causes of action, if any, are barred by the provisions of California *Civil Code* Section 3517.

///

1    FORTY-SECOND AFFIRMATIVE DEFENSE

2    (RIGHT TO RAISE/RESERVATION OF OTHER AFFIRMATIVE DEFENSES AND TO AMEND

3    ANSWER)

4    Defendant presently has insufficient knowledge or information upon which to form a belief as to

5    whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves the right to assert

6    additional defenses in the event that discovery indicates they would be appropriate and/or amend the answer

7    to conform to proof.

8    **WHEREFORE**, Defendant prays:

9        1. That Plaintiff take nothing from Defendant by reason of the Complaint;

10       2. That judgment be entered in favor of Defendant and against Plaintiff on all claims for relief;

11       3. That Defendant be awarded reasonable attorneys fees according to proof;

12       4. That Defendant be awarded the costs of suit herein incurred; and;

13       5. That Defendant be awarded such other and further relief as the Court may deem just and proper.

14   DATED: December 15, 2022            SOLTMAN, LEVITT, FLAHERTY & WATTLES LLP

15

16

17

18   By:_____

19            KEVIN S. WATTLES, ESQ.
             TINA M. JACQUEZ, ESQ.
20           Attorneys for Defendant,
             CORTECH WEST STAFFING LLC

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF VENTURA

3

4          I am employed in the County of Ventura, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 90 E. Thousand Oaks Blvd., Suite 300, Thousand Oaks, California 91360 and my electronic service address is labernethy@slfesq.com.

5

6          On December 16, 2022 before 5:00 p.m., I caused to be served the foregoing document described as **ANSWER OF DEFENDANT, CORTECH WEST STAFFING, LLC** on the interested parties in this action by placing a true and correct copy thereof, enclosed in sealed envelopes, and caused to be delivered to the addressees.

7

8          See attached service list.

9    XXX    (MAIL)  By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with the business' practice for collection and processing of correspondence for mailing. Under that practice, the document(s) would be deposited with the United States Postal Service on the same day, with first class postage thereon fully prepaid at Thousand Oaks, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

10

11

12

13

14    XXX    (BY ELECTRONIC TRANSMISSION)
By emailing the document(s) to the persons at the e-mail address(es) listed herein. Electronic service is authorized by Code of Civil Procedure section 1010.6 and California Rule of Court 2.251.  Proof of Electronic Service may be made by any means set forth in Civil Procedure section 1013a.

15

16

17    XXX    STATE
I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

18

19          EXECUTED this 16TH  day of December, 2022, at Thousand Oaks, California.

20

21                                                    _____
                                                    Linda Abernethy

22

23

24

25

26

27

28

PROOF OF SERVICE

1                                   **SERVICE LIST**

2    Howard L. Magee, Esq.
     Christine Choo, Esq.
3    DIVERSITY LAW GROUP, P.C.
     515 S. Figueroa Street, Ste. 1250
4    Los Angeles, CA 90071
     Telephone: (213) 488-6555/Fax: (213) 488-6554
5    Email: christine@diversitylaw.com; hmagee@diversitylaw.com
     **ATTORNEYS FOR PLAINTIFF CURTIS WHITE**
6
     B. James Fitzpatrick, Esq.
7    Laura L. Franklin, Esq.
     Josie Favila
8    FITZPATRICK & SWANSTON
     555 S. Main Street
9    Salinas, CA 93901
     Telephone: (831) 755-1311/Fax: (831) 755-1319
10   Email: bjfitzpatrick@fandslegal.com; lfranklin@fandslegal.com; josie@fandslegal.com
     **ATTORNEYS FOR PLAINTIFF CURTIS WHITE**
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

Exhibit B-3

MORGAN, LEWIS & BOCKIUS LLP
Brian D. Berry, Bar No. 229893
Andrea Fellion, Bar No. 262278
Kassia Stephenson, Bar No. 336175
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001
brian.berry@morganlewis.com
andrea.fellion@morganlewis.com
kassia.stephenson@morganlewis.com

Attorneys for Defendant
TESLA, INC. dba TESLA MOTORS, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN JOAQUIN

| | |
|---|---|
| CURTIS WHITE on behalf of himself and all similarly aggrieved employees,<br><br>Plaintiff,<br><br>vs.<br><br>CORTECH WEST STAFFING, LLC; THYSSENKRUPP MATERIALS NA, INC.; THYSSENKRUPP SUPPLY CHAIN SERVICES NA INC.; TESLA, INC. dba TESLA MOTORS, INC.; ATLANTIC SOLUTIONS GROUP INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. STK-CV-UOE-2022-0009807<br><br>**DEFENDANT TESLA, INC.'S ANSWER TO PLAINTIFF CURTIS WHITE'S CLASS ACTION COMPLAINT**<br><br>Assigned for All Purposes to:<br>Hon. George J. Abdallah<br>Department 10A<br><br>Action Filed:  October 24, 2022 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. STK-CV-UOE-2022-0009807

TESLA'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

DB2/ 44554197.1

Defendant Telsa, Inc. dba Tesla Motors, Inc. ("Tesla" or "Defendant"), by and through its undersigned counsel, hereby responds to the allegations contained in the unverified Class Action Complaint ("Complaint") of Plaintiff Curtis White ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Tesla generally denies each and every allegation of Plaintiff's unverified Complaint. Tesla further denies Plaintiff's individual and class claims for penalties, fees, and costs.

## AFFIRMATIVE DEFENSES

Tesla has not completed its investigation of the facts of this case, has not completed discovery, and has not completed its preparation for trial. Tesla asserts the following affirmative defenses based on its current knowledge, information, and belief at this time. Without conceding that Tesla bears the burden of proof or persuasion as to any one of them, Tesla asserts the following separate defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      The claims of Plaintiff and some or all purported class members are barred or limited by the applicable statute(s) of limitations, including but not limited to California Civil Procedure Code Sections 338 and 340, California Labor Code Section 203(b), and California Business and Professions Code Section 17208.

## THIRD AFFIRMATIVE DEFENSE

### (Fault of Others)

3.      The claims of Plaintiff and some or all purported class members against Tesla are barred or limited because any alleged Labor Code violations, if they exist at all, were proximately caused or contributed to by the conduct of others, not Tesla.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -      Case No. STK-CV-UOE-2022-0009807

TESLA'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

DB2/ 44554197.1

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver)**

4.      Some or all of Plaintiff's alleged violations and the alleged violations of some or all purported class members are barred, in whole or in part, to the extent such alleged violations have been waived, discharged, and/or abandoned, including to the extent certain meal periods were waived for shifts of five to six hours, or ten to twelve hours, as allowed by the Labor Code and/or applicable wage order.

**FIFTH AFFIRMATIVE DEFENSE**

**(Voluntary Waiver of Break Opportunity)**

5.      The alleged meal and rest break violations are barred to the extent Plaintiff and purported class members were relieved of duty to take compliant breaks, but Plaintiff and certain other employees on a given day waived the opportunity to have one or more duty-free breaks of the required length and/or within the required time frames by choosing to work when not required to do so.

**SIXTH AFFIRMATIVE DEFENSE**

**(*De Minimis*)**

6.      Plaintiff's claims and the claims of other purported class members are barred, in whole or in part, by the *de minimis* doctrine.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Jury Trial)**

7.      Plaintiff is not entitled to a trial by jury of certain of his claims, including his Cause of Action under California Business & Professions Code §§ 17200, et seq.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith Dispute About Wages)**

8.      If Tesla is found to have failed to pay Plaintiff, and/or any individuals he seeks to represent, any wages due at the time of termination—which Tesla denies—there was a good faith dispute of fact and/or law regarding whether any final wages were due, which precludes Plaintiff's claim for statutory or civil penalties for violation of Labor Code section 203.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 44554197.1

- 3 -      Case No. STK-CV-UOE-2022-0009807

TESLA'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1

## NINTH AFFIRMATIVE DEFENSE

2

**(Substantial Compliance)**

3

9.    The claimed violations as to Plaintiff and some or all purported class members are

4

barred, in whole or in part, because Tesla complied with its statutory obligations, if any, and to

5

the extent it is determined that there was non-compliance, Tesla substantially complied with its

6

obligations.

7

## TENTH AFFIRMATIVE DEFENSE

8

**(Collateral Estoppel / Res Judicata)**

9

10.    The claims of Plaintiff and/or the claims of purported class members are barred, in

10

whole or in part, by the doctrine of collateral estoppel and/or res judicata.

11

## ELEVENTH AFFIRMATIVE DEFENSE

12

**(Release)**

13

11.    Certain purported class members cannot maintain their claims against Tesla

14

because and to the extent they have settled and/or released the claims that are the subject of this

15

matter.

16

## TWELFTH AFFIRMATIVE DEFENSE

17

**(Accord and Satisfaction)**

18

12.    The claimed violations as to Plaintiff, and some or all purported class members are

19

barred, in whole or in part, by the principles of accord and satisfaction.

20

## THIRTEENTH AFFIRMATIVE DEFENSE

21

**(Failure to Mitigate / Avoidable Consequences)**

22

13.    Plaintiff's claims and the claims of some or all purported class members are

23

barred, in whole or in part, because they have not appropriately or adequately mitigated their

24

alleged harm, if any.

25

## FOURTEENTH AFFIRMATIVE DEFENSE

26

**(Unclean Hands)**

27

14.    The claims of Plaintiff and the claims of the purported class members are barred,

28

in whole or in part, by the doctrine of unclean hands.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -    Case No. STK-CV-UOE-2022-0009807

DB2/ 44554197.1        TESLA'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Laches)

15.    Plaintiff's claims and the claims of the purported class members are barred, in whole or in part, by the doctrine of laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Setoff and Recoupment)

16.    If any damages have been sustained by Plaintiff and any purported class member, although such is specifically denied, Tesla is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations that Plaintiff and any purported class member owed to Tesla against any judgment that may be entered against Tesla.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

17.    The claims of Plaintiff and some or all purported class members are barred, in whole or in part, by the doctrine of estoppel, including as to any employees who are estopped from arguing that they were not properly paid because they failed to uphold their obligation to accurately record their work time and immediately notify Tesla if they were instructed not to do so.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Inadvertent Violation)

18.    If Tesla is found to have issued wage statements in violation of Labor Code Section 226, which Tesla denies, such violation was inadvertent, including due to clerical error and/or inadvertent mistake.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Uncertain and Not Ascertainable Class)

19.    As a separate defense to the Complaint and to every cause of action alleged therein, Tesla alleges that Plaintiff's claims, and the claims of each purported class member as set forth in the Complaint, are barred in whole or in part because the Complaint is uncertain and the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 44554197.1

- 5 -    Case No. STK-CV-UOE-2022-0009807

TESLA'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    purported class definition is uncertain, vague and ambiguous, conclusory and not ascertainable.

2    **TWENTIETH AFFIRMATIVE DEFENSE**

3    **(Not Appropriate for Class Action)**

4    20.    The Complaint, and each purported cause of action contained therein, is not proper

5    for treatment as a class action because, among other reasons: (a) Plaintiff is an inadequate

6    representative of the purported class; (b) the purported class is not sufficiently numerous, (c)

7    Plaintiff cannot establish commonality of claims; (d) Plaintiff cannot establish typicality of

8    claims; (e) the purported class is not ascertainable; (f) Plaintiff is not similarly situated to any

9    current or former employees of Tesla; and (g) the individualized issues would predominate at trial

10   over any purported common issues.

11   **TWENTY-FIRST AFFIRMATIVE DEFENSE**

12   **(Arbitration Agreement)**

13   21.    The claims of Plaintiff and some or all purported class members are barred

14   because they are parties to a valid pre-dispute arbitration agreement that is governed by the

15   Federal Arbitration Act, the terms of which cover the claims alleged in the Complaint and provide

16   that Plaintiff and some or all purported class members must pursue any claims against their

17   employer individually in arbitration. Therefore, the Court lacks jurisdiction over the claims of

18   Plaintiff and some or all purported class members.

19   **TWENTY-SECOND AFFIRMATIVE DEFENSE**

20   **(Meal and Rest Period Premiums Paid)**

21   22.    Plaintiff's claims and the claims of the purported class are barred, in whole or in

22   part, because to the extent it is determined that Plaintiff or any purported class member was not

23   provided with a compliant meal or rest period, Tesla compensated Plaintiff and the purported

24   class at legally-required rates for all allegedly non-complaint meal and rest periods.

25   **TWENTY-THIRD AFFIRMATIVE DEFENSE**

26   **(Business-Related Expenses Never Requested / Unnecessary / Unreasonable)**

27   23.    Plaintiff's claims for alleged violations of Labor Code Section 2802 are barred to

28   the extent Plaintiff and any purported class members did not request reimbursement and/or said

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 44554197.1

- 6 -    Case No. STK-CV-UOE-2022-0009807

TESLA'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1  expenses were not reasonably and necessarily incurred.

2  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

3  ### (Other Pending Actions)

4  24.  Plaintiff's claims should be abated and/or dismissed or stayed pursuant to

5  California Code of Civil Procedure sections 430.10(c) and 597, and/or the rule of exclusive

6  concurrent jurisdiction, because other actions are currently pending that seek to prosecute the

7  same and/or similar claims and seek to represent the same individuals.

8  ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

9  ### (Good Faith Reliance)

10  25.  Plaintiff's claims and the claims of all purported class members are barred to the

11  extent Tesla acted in good faith reliance on an administrative regulation, order, ruling and/or

12  interpretation of the Industrial Welfare Commission and/or Division of Labor Standards

13  Enforcement.

14  ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

15  ### (Adequate Remedy at Law / No Right to Equitable Relief)

16  26.  Plaintiff's claims, and the claims of each purported class member pursuant to

17  California Business and Professions Code §§ 17200, et seq., and the sought after equitable

18  remedies, are barred because Plaintiff and the purported class members have an adequate remedy

19  at law.

20  ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

21  ### (No Unfair or Unlawful Conduct)

22  27.  Plaintiff's claims and/or the claims of some or all purported class members are

23  barred in whole or in part because the conduct alleged in the Complaint was and is expressly

24  permitted by law, and accordingly, such conduct cannot be deemed unfair or unlawful under

25  Business and Professions Code §§ 17200 et seq.

26  ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

27  ### (Failure to Perform Conditions Precedent)

28  28.  Plaintiff and the purported class members failed to perform the conditions

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 44554197.1

- 7 -    Case No. STK-CV-UOE-2022-0009807

TESLA'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

necessary to give rise to any obligation on the part of Tesla to reimburse business expenses or pay wages alleged in the Complaint.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

29.    Plaintiff lacks standing, including statutory standing, Article III standing, and standing under the equitable jurisdiction of the court, and cannot represent the interests of the purported class members as to some or all of the alleged claims.

### THIRTIETH AFFIRMATIVE DEFENSE

### (No Employment / Joint Employment Relationship)

30.    Tesla is not an employer or joint employer of Plaintiff or some or all purported class members and therefore cannot be held liable for Plaintiff's claims.

### RESERVATION OF RIGHTS

Tesla reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

### PRAYER FOR RELIEF

WHEREFORE, Tesla prays for judgment that:

1.    The Court denies Plaintiff's request to certify this action as a class action;

2.    Plaintiff takes nothing by reason of the Complaint on file herein, and that said Complaint be dismissed with prejudice;

3.    Judgment be entered in favor of Tesla and against Plaintiff on all causes of action;

4.    Tesla be awarded its costs of suit incurred herein;

5.    Tesla be awarded reasonable attorneys' fees incurred as a result of this action, including any fees recoverable for breach of an applicable contract; and

6.    Tesla be awarded such other and further relief as it deems just and proper.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -    Case No. STK-CV-UOE-2022-0009807

DB2/ 44554197.1    TESLA'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

1   Dated: December 15, 2022           MORGAN, LEWIS & BOCKIUS LLP

2

3                            By  _____

4                               Brian D. Berry

5                               Andrea Fellion
                                  Kassia Stephenson

6                               Attorneys for Defendant
                               TESLA, INC. dba TESLA MOTORS,

7                             INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
- 9 -    Case No. STK-CV-UOE-2022-0009807
DB2/ 44554197.1   TESLA'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

## PROOF OF SERVICE

I, Joseph Ding, declare:

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 1400 Page Mill Road, Palo Alto, CA 94304. On December 15, 2022, I served a copy of the within document(s):

**TESLA'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Palo Alto, California addressed as set forth below.

B. James Fitzpatrick                         *Attorneys for Plaintiff*
Laura L. Franklin                            *CURTIS WHITE on behalf of himself and all*
FITZPATRICK & SWANSTON                       *similarly aggrieved employees.*
555 S. Main Street
Salinas, CA 93901

Larry W. Lee
Howard L. Magee
Shalom "Christine" Choo
DIVERSITY LAW GROUP, P.C.
515 South Figueroa Street, Suite 1250
Los Angeles, CA 90071

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on December 15, 2022, at Palo Alto, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Joseph Ding

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Exhibit C

Superior Court San Joaquin

SEARCHES    CASES    SCHEDULING                                                                LOGO

Public : STK-CV-UOE-2022-0009807· ROA Summary

**CIVIL CASE**

▸ STK-CV-UOE-2022-0009807    Curtis White on behalf of himself and all other similarly aggrieved employees vs

| Case Status |
| Civil Case |
| Civil Hearings |
| Document Mgmt |
| Judges |
| ROA |

# CIVIL ROA SUMMARY

CASE STATUS ▸

[Advanced Search ▸]

SORT DATE    ○ Ascending   ● Descending

| | | | | |
|---|---|---|---|---|
| ☐ | *DATE 12/19/2022 01:05 PM | *JUDGE Abdallah, George J. | MICROFILM NUMBER | |
| | SEALED | CODE ATTORNEY RETAINED | ACTION TYPE | |
| | *TEXT Attorney, Chad D. Greeson, retained for Thyssenkrupp Supply Chain Services NA, Inc. . | | | |

| | | | | |
|---|---|---|---|---|
| ☐ | *DATE 12/19/2022 01:05 PM | *JUDGE Abdallah, George J. | MICROFILM NUMBER | |
| | SEALED | CODE ATTORNEY RETAINED | ACTION TYPE | |
| | *TEXT Attorney, Chad D. Greeson, retained for Thyssenkrupp Materials NA, Inc., , | | | |

| | | | | |
|---|---|---|---|---|
| ☐ | *DATE 12/19/2022 11:35 AM | *JUDGE Abdallah, George J. | MICROFILM NUMBER | |
| | SEALED ☐ | CODE FILE | ACTION TYPE | |
| | *TEXT Answer of Defendants Thyssenkrupp Materials NA, Inc. and Thyssenkrupp Supply Chain Services NA, Inc. filed by Thyssenkrupp Supply NA, Inc.; Thyssenkrupp Materials NA, Inc,. | | | |
| | DOCUMENTS ANSWER | | | A |

| | | | | |
|---|---|---|---|---|
| ☐ | *DATE 12/19/2022 11:35 AM | *JUDGE Abdallah, George J. | MICROFILM NUMBER | |
| | SEALED ☐ | CODE ACCTPMT | ACTION TYPE | |
| | *TEXT Payment received by Inc., Thyssenkrupp Materials NA in the amount of $870.00. Receipt number 797158. | | | |

| | | | | |
|---|---|---|---|---|
| ☐ | *DATE 12/02/2022 06:11 PM | *JUDGE Abdallah, George J. | MICROFILM NUMBER | |
| | SEALED ☐ | CODE POS | ACTION TYPE | |
| | *TEXT Proof of Service of Summons as to Thyssenkrupp Materials NA, Inc., served on 11/17/2022 by Personal Service. $92.99. | | | |
| | DOCUMENTS POS010 PROOF OF SERVICE OF SUMMONS | | | A |

| | | | | |
|---|---|---|---|---|
| ☐ | *DATE 12/02/2022 06:11 PM | *JUDGE Abdallah, George J. | MICROFILM NUMBER | |
| | SEALED ☐ | CODE POS | ACTION TYPE | |
| | *TEXT Proof of Service of Summons as to Cortech West Staffing, LLC served on 11/17/2022 by Substituted Service. $107.74. | | | |
| | DOCUMENTS POS010 PROOF OF SERVICE OF SUMMONS | | | A |

| | | | | |
|---|---|---|---|---|
| ☐ | *DATE 12/02/2022 06:11 PM | *JUDGE Abdallah, George J. | MICROFILM NUMBER | |
| | SEALED ☐ | CODE POS | ACTION TYPE | |
| | *TEXT Proof of Service of Summons as to Thyssenkrupp Supply Chain Services NA, Inc. served on 11/17/2022 by Personal Service. $57.25. | | | |
| | DOCUMENTS POS010 PROOF OF SERVICE OF SUMMONS | | | A |

| | | | | |
|---|---|---|---|---|
| ☐ | *DATE 12/02/2022 06:11 PM | *JUDGE Abdallah, George J. | MICROFILM NUMBER | |
| | SEALED ☐ | CODE POS | ACTION TYPE | |
| | *TEXT Proof of Service of Summons as to Tesla, Inc. dba Tesla Motors, Inc. served on 11/17/2022 by Personal Service. $116.11. | | | |
| | DOCUMENTS POS010 PROOF OF SERVICE OF SUMMONS | | | A |

| | | | | |
|---|---|---|---|---|
| ☐ | *DATE 10/24/2022 03:28 PM | *JUDGE Abdallah, George J. | MICROFILM NUMBER | |
| | SEALED ☐ | CODE SHSET | ACTION TYPE | |
| | *TEXT Hearing regarding: Case Management Conference , set for 04/28/2023 at 8:45 AM before Hon. George J. Abdallah in Department 10A. | | | |
| | DOCUMENTS NOTICE OF CASE ASSIGNMENT SCHEDULING INFORMATION | | | A |

| | | | | |
|---|---|---|---|---|
| ☐ | *DATE 10/24/2022 03:25 PM | *JUDGE Abdallah, George J. | MICROFILM NUMBER | |
| | SEALED ☐ | CODE FILE | ACTION TYPE | |
| | *TEXT Complex Case Fee (One fee for all Plaintffs) filed by Curtis White on behalf of himself and all other similarly aggrieved employees. | | | |
| | DOCUMENTS | | | |

| | | | | |
|---|---|---|---|---|
| ☐ | *DATE 10/24/2022 03:25 PM | *JUDGE Abdallah, George J. | MICROFILM NUMBER | |

| | *TEXT | Summons issued and filed. | | | |
|---|---|---|---|---|---|
| | DOCUMENTS | SUM100 SUMMONS CIVIL | | | |

| | *DATE | 10/24/2022 03:25 PM | *JUDGE | Abdallah, George J. | MICROFILM NUMBER |
|---|---|---|---|---|---|
| | SEALED | ☐ | CODE | FILE | ACTION TYPE |
| | *TEXT | Complaint Unlimited Civil (over $25,000) filed by Curtis White on behalf of himself and all other similarly aggrieved employees. | | | |
| | DOCUMENTS | COMPLAINT | | | |

| | *DATE | 10/24/2022 03:25 PM | *JUDGE | Abdallah, George J. | MICROFILM NUMBER |
|---|---|---|---|---|---|
| | SEALED | ☐ | CODE | FILE | ACTION TYPE |
| | *TEXT | Civil Case Cover Sheet filed by Curtis White on behalf of himself and all other similarly aggrieved employees. | | | |
| | DOCUMENTS | CM010 CIVIL CASE COVER SHEET | | | |

| | *DATE | 10/24/2022 03:25 PM | *JUDGE | Abdallah, George J. | MICROFILM NUMBER |
|---|---|---|---|---|---|
| | SEALED | ☐ | CODE | ACCTPMT | ACTION TYPE |
| | *TEXT | Payment received by Curtis White on behalf of himself and all other similarly aggrieved employees in the amount of $1435.00. Receipt n | | | |

| | *DATE | 10/24/2022 03:25 PM | *JUDGE | Abdallah, George J. | MICROFILM NUMBER |
|---|---|---|---|---|---|
| | SEALED | ☐ | CODE | ACCTPMT | ACTION TYPE |
| | *TEXT | Payment received by Curtis White on behalf of himself and all other similarly aggrieved employees in the amount of $1435.00. Receipt n | | | |

| | *DATE | 10/24/2022 03:25 PM | *JUDGE | Abdallah, George J. | MICROFILM NUMBER |
|---|---|---|---|---|---|
| | SEALED | ☐ | CODE | ATTORNEY RETAINED | ACTION TYPE |
| | *TEXT | Attorney, Howard L. Magee, retained for Curtis White on behalf of himself and all other similarly aggrieved employees . | | | |

| | *DATE | 10/24/2022 03:25 PM | *JUDGE | Abdallah, George J. | MICROFILM NUMBER |
|---|---|---|---|---|---|
| | SEALED | ☐ | CODE | NOCASI | ACTION TYPE |
| | *TEXT | Notice of Case Assignment and Scheduling Information. | | | |
| | DOCUMENTS | | | | |

| | *DATE | 10/24/2022 03:25 PM | *JUDGE | Abdallah, George J. | MICROFILM NUMBER |
|---|---|---|---|---|---|
| | SEALED | ☐ | CODE | CI | ACTION TYPE |
| | *TEXT | Case initiated. | | | |
| | DOCUMENTS | | | | |

[ LIST ]    [ REFRESH ]    [ CANCEL ]